73154. ATCHISON v. THE STATE.
(352 SE2d 201)

McMURRAY, Presiding Judge.

Defendant was accused of the offense of making "harassing telephone calls," a misdemeanor, in that on January 4, 1986, he used threatening language of "I'm going to rape you" in a telephone call to another. A jury convicted defendant of the crime charged. He was sentenced to confinement for a period of 12 months and he appealed. Error is enumerated upon the general grounds and the trial court's charge on the law of circumstantial evidence. *Held*:

1. The following evidence was adduced upon the trial of the case: The victim began receiving obscene telephone calls in the fall of 1985. She contacted the authorities and the telephone company and was told that she should keep a log of the telephone calls. The calls were sporadic — "sometimes two or three times a week and then maybe a week [would] go by" — but they continued. Just before the start of the new year, a tracing device was installed on the victim's telephone by the telephone company. The device recorded the time of day calls were received and the telephone number from which calls were made.

On January 4, 1986, the victim received 6 telephone calls within an 11-minute period from 10:55 a.m. to 11:06 a.m. The telephone

caller used obscene language and threatened to rape the victim. The calls were traced to a particular telephone number. The number was listed in the names of defendant's mother and grandmother. No men lived in the household; however, defendant visited his mother about every other weekend.

Defendant was in his mother's home on January 4, 1986. He admitted that fact. He testified, however, that he did not arrive there until the middle of the afternoon. The time of defendant's arrival was corroborated by defendant's grandmother. She averred that defendant never visited before the mid-afternoon.

The victim did not recognize the voice of the caller. Yet the victim's name was known to the caller as he addressed her by her first name. (The evidence demonstrated, however, that the victim's full name was listed in the telephone book.) The victim knew defendant because his mother "babysat" for her when she was a small child. Defendant denied that he knew the victim but admitted that he did know her years ago.

" 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. . . . Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242 (223 SE2d 643) (1976); *Butler v. State*, 150 Ga. App. 751 (258 SE2d 691) (1979)." *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519). " 'The term "hypothesis" as used in (OCGA § 24-4-6 (Code Ann. § 38-109)) refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act.' *Hunter v. State*, 91 Ga. App. 136, 138 (85 SE2d 90) (1954); cited in *McGee v. State*, 159 Ga. App. 763 (285 SE2d 224) (1981). See also *Wrisper v. State*, 193 Ga. 157 (17 SE2d 714) (1941)." *Hopkins v. State*, 167 Ga. App. 811, 815 (307 SE2d 707).

In the case sub judice, an ordinary person in the light of everyday experiences would be authorized to draw from the proven facts the conclusion that it was indeed defendant who made the threatening telephone calls to the victim on the day in question. No other man was shown to have been in the household of defendant's mother on the day in question; no other man was shown to have had access to the telephone from which the calls were made. See *Holland v. State*, 176 Ga. App. 343 (1) (335 SE2d 739).

Defendant contends that the tracing device might have inaccu-

rately recorded the wrong telephone number. This hypothesis is, at best, a "bare possibility" which does not hold up in the light of everyday experience.

The evidence was sufficient to enable a rational trier of fact to find defendant guilty of the crime charged beyond a reasonable doubt. See *Wade v. State*, 162 Ga. App. 189, 190 (290 SE2d 535); *Johnson v. State*, 176 Ga. App. 378, 380 (5) (336 SE2d 257). The general grounds are without merit.

2. With regard to circumstantial evidence, the trial court charged the jury as follows: "Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your own experience. Now, to warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt but must *include* every other reasonable theory other than the guilt of the accused. Now, the comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for you, the jury, to decide." (Emphasis supplied.) No other charge was forthcoming concerning the State's burden to exclude every reasonable hypothesis save guilt. The jury was charged, however, that defendant's guilt must be proved by the State beyond a reasonable doubt.

At the conclusion of the charge, the trial court asked defendant's counsel whether he had any objections. He replied that he did not and no reservation of the right to later object was made. See *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855).

On appeal, defendant asserts the trial court's "slip of the tongue," the use of the word "include" instead of "exclude," was harmful error. We need not determine the merit of defendant's contention because under the circumstances of this case, defendant's right to raise this issue on appeal was waived. *Brown v. State*, 171 Ga. App. 70, 71 (318 SE2d 498).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 18, 1986 —

*Bruce H. Morris, Foy R. Devine*, for appellant.
*Robert B. Whatley, Solicitor*, for appellee.