## A91A1300. FARRIE v. THE STATE.
### (411 SE2d 561)

SOGNIER, Chief Judge.

Rufus Lonzo Farrie was convicted by a Worth County jury of possession of cocaine. He appeals from the judgment of conviction and sentence entered thereon.

In two enumerations appellant contends the evidence was insufficient to support the jury's verdict, and specifically that the State failed to meet its burden in a circumstantial evidence case of excluding every reasonable hypothesis of innocence. Construed to support the verdict, the evidence adduced at trial established that early in the morning of September 1, 1990, Isaac Adams III, who at the time was a City of Sylvester police officer, was on uniformed patrol in a marked police car. As he drove along South Avenue, he observed a man he identified as appellant and another man, Randy Gibson, standing on a street corner while appellant showed Gibson something he held in his hand. Adams testified he called to appellant and asked him to come over to the car. Adams stated that appellant did so, but "kept his hand balled up like he was going to hit me . . . . I asked him to just let loose his hand[, and when he did so] he start[ed] to rub it clean. At that time I witnessed something like he had dropped something beside of him. [When I shone] my flashlight down on the ground[, appellant] tried to kick away a piece of white . . . substance, cocaine, and I picked it up." Tests subsequently performed by a crime lab scientist established that the solid white substance was crack cocaine. Randy Gibson testified that he was with appellant on the night in question, but that appellant never showed him or dropped any cocaine.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "The term 'hypothesis' as used in [OCGA § 24-4-6] refers to such reasonable inferences as are ordinarily drawn by ordinary [persons] in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act." (Citations and punctuation omitted.) *Atchison v. State*, 181 Ga. App. 351, 352 (352 SE2d 201) (1986).

In the case at bar, an ordinary person in the light of his or her ordinary experience would be authorized to infer from the evidence that appellant was the person who dropped the crack cocaine Adams found. Appellant's hypothesis that the cocaine could have been dropped on the ground earlier by someone else is not consistent with Adams' testimony and thus presents only a bare possibility of inno-

cence, not a reasonable hypothesis. Accordingly, we find the evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Nelson v. State*, 197 Ga. App. 898-899 (1) (399 SE2d 748) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 17, 1991.

*Herbert W. Benson*, for appellant.
*David E. Perry, District Attorney*, for appellee.