## A92A0464. WILLIAMS v. THE STATE.
### (418 SE2d 387)

McMurray, Presiding Judge.

Defendant Williams appeals his conviction of the offense of accessing of computers. The sole issue raised by defendant's enumerations of error is whether the evidence was sufficient to authorize his conviction. *Held:*

The evidence construed in the light most favorable to the verdict shows that defendant sought and obtained employment with Southeastern Color Lithographers in August of 1987. This business utilized a central computer processor which served three terminals, one of which, the console terminal, was located in the office with the processor and the remaining two in adjacent offices. Two weeks after his employment, defendant was promoted to the position of cost estimator which entailed use of the computer. Prior to defendant's promotion to cost estimator the computer system had been trouble free. After defendant gained access to the computer, there were problems with files and data being erased from the computer on virtually a daily basis for approximately six months. These erasures resulted in the loss of many hours of employees' time to reconstruct and replace that which was erased. Business opportunities were lost due to the diversion of resources, and funds were expended to investigate and seek remedies to the unexplained problem. Finally, after extensive efforts to find any flaw in the computer hardware or operating system, attention turned to the possibility that someone was deliberately causing the computer problems. A computer analyst then designed an electronic trap, a modification of the computer's software that would cause an alert to appear on the screen of the console terminal whenever the computer was given certain instructions, such as to erase files or data. The computer was also programmed so that whenever the trap was sprung, the computer would create a record of the event, including the command that was executed and from which terminal it was executed. The trap was created on Friday, February 12, 1988, and installed on the computer.

On Monday morning, February 15, 1988, the trap was sprung. Shortly after 9:00 a.m. an alert repeatedly flashed on the console terminal that someone was attempting to run the erase program. It was immediately ascertained that defendant was at the computer terminal in his office and typing on his keyboard. The computer generated record of the event showed that a command to erase various files from the computer had been given from the terminal operated by defendant. The electronic trap did not prevent the computer from executing the destructive commands and actually erasing material from the computer.

The computer analyst opined that the computer problems had

been caused by someone running destructive commands to the computer from the terminal in defendant's office. After defendant was fired on March 1, 1988, there were no further problems with the computer.

Defendant denied intentionally erasing any files from the computer, other than his own, and presented evidence, including that of an expert, that the erasures could have been caused by hardware or software malfunctions. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6: 'The term "hypothesis" as used in (OCGA § 24-4-6) refers to such reasonable inferences as are ordinarily drawn by ordinary (persons) in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act.' (Citations and punctuation omitted.) *Atchison v. State*, 181 Ga. App. 351, 352 (352 SE2d 201) (1986)." *Farrie v. State*, 201 Ga. App. 549 (411 SE2d 561). Defendant contends that the State has failed to carry its burden of excluding every hypothesis save his guilt. Whether this burden has been met is for the jury, and its determination will not be disturbed unless the verdict is insupportable as a matter of law under the "reasonable doubt" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Carswell v. State*, 201 Ga. App. 746, 747 (412 SE2d 572). The evidence in the case sub judice was sufficient to enable a rational trier of fact to deduce that the evidence "presents only a bare possibility of innocence, not a reasonable hypothesis. Accordingly, we find the evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Nelson v. State*, 197 Ga. App. 898-899 (1) (399 SE2d 748) (1990)." *Farrie v. State*, 201 Ga. App. 549, 550, supra.

*Judgment affirmed. Cooper, J., concurs. Sognier, C. J., concurs specially.*

SOGNIER, Chief Judge, concurring specially.

While I concur fully in the judgment, I write specially to note that although appellant adduced expert testimony that the computer problems experienced by the company employing appellant could have been caused by software or hardware malfunctions in the company's computer, the evidence presented by the State clearly rebutted this hypothesis. In particular, there was evidence that when the problems persisted despite thorough diagnostic tests performed on the hardware and the software and the reloading of the software programs, the company arranged to have its computer hardware and

· software temporarily replaced. The evidence established that once off the premises, the company's computer functioned flawlessly while the replacement computer then experienced the crippling problems. Furthermore, appellant's expert could not rule out the possibility of a human agency behind the computer problems, and in this regard the State presented evidence that although appellant was authorized to use only the two computer programs he needed to perform his job, documentary evidence existed in appellant's handwriting, which was introduced at trial, that showed appellant had gained the restricted knowledge essential to access other employees' programs and knew the computer commands that would produce the computer problems the company had been experiencing. Given this evidence, I find that in weighing appellant's expert's testimony that the company's computer problems were mere system malfunctions, the jury was authorized to find that hypothesis unreasonable and to reject it. See generally *Schmalz v. State*, 177 Ga. App. 634, 636 (341 SE2d 11) (1986).

DECIDED APRIL 10, 1992 —
RECONSIDERATION DENIED APRIL 22, 1992 — 

*Kardos, Warnes & McElwee, Stephen H. McElwee,* for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney,* for appellee.