## A95A1785. KEMP v. THE STATE.
(463 SE2d 385)

McMurray, Presiding Judge.

Defendant was indicted along with co-defendant Anthony Bernard Joiner, a/k/a Altoma Dekle, for selling cocaine in violation of Georgia's Controlled Substances Act and was later tried separately before a jury. At trial, Special Agent Woodrow Boyd of the Georgia Bureau of Investigation ("GBI") testified that, while working undercover on December 29, 1993, he went to a trailer with a "confidential source" and purchased $460 worth of cocaine from defendant. The special agent testified that the "confidential source" and co-defendant Joiner were present during the illegal drug transaction and that co-defendant Joiner assisted in negotiating the deal. Defendant refuted this proof, testifying that Special Agent Boyd falsely accused him of committing the crime charged because he refused to act as a "confidential source."

Special Agent Boyd admitted that he acquired a warrant for defendant's arrest (almost four months after commission of the crime charged) when defendant refused "the option to cooperate" as a "confidential source," but he denied falsely accusing defendant of committing the crime charged. The special agent explained that he executed the arrest warrant on April 20, 1994, when other law enforcement officers moved in on defendant's trailer to execute a search warrant that was based on the report of an unrelated drug transaction. Investigator John Durden of the Emanuel County Sheriff's Office testified that he initiated the raid; that he observed defendant withdraw into the trailer just before the raid and that, moments later, he caught defendant and co-defendant Joiner scrambling from a "toilet" that had "just [been] flushed." The investigator testified that he seized a bag of marijuana from the "just flushed" toilet and that another officer discovered "a plastic bag which contained [a] white powdery and white rock-like substance, and . . . a .380 semi-automatic pistol." According to Investigator Durden, these items were found on the ground outside the trailer, just below the window of the bathroom where he found the marijuana.

Defendant was found guilty of selling cocaine to Special Agent Boyd on December 29, 1993. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In four enumerations of error, defendant contends the trial court erred in overruling his motions (asserted at trial) to reveal the identity of the "confidential source."

Although defendant was aware before trial of Special Agent Boyd's claim that a "confidential source" accompanied him during the undercover drug-buy on December 29, 1993, he did not file a pretrial motion to reveal the identity of the "confidential source." De-

fendant instead waited until trial (during the cross-examination of Special Agent Boyd and after the close of the State's case) to assert motions to reveal the identity of the "confidential source." And then defendant did not request an in camera determination of the matter as prescribed in *Moore v. State*, 187 Ga. App. 387, 388 (2), 392 (370 SE2d 511). Under these circumstances, defendant waived his right to complain of prejudice because of the State's failure to reveal the identity of the "confidential source." *Mosely v. State*, 217 Ga. App. 507, 508 (2) (458 SE2d 165). See *State v. Sears*, 202 Ga. App. 352, 353 (4) (414 SE2d 494).

2. Defendant contends the trial court erred in prohibiting him from commenting, during closing argument, on the State's failure to introduce testimony of two witnesses at trial, i.e., a "federal agent" and the "confidential source." This contention is without merit. Defendant "has failed to demonstrate why the general rule of *Wilson v. Zant*, 249 Ga. 373, 384 (4) (290 SE2d 442) (1977), which precludes such comments, should not be applied." *Roper v. State*, 251 Ga. 95, 98 (6) (303 SE2d 103).

3. Next, defendant contends the trial court erred in allowing the State to introduce, as a similar transaction or occurrence, proof of the police raid that preceded his arrest on April 20, 1994.

The April 20, 1994, raid occurred less than four months after the incident which forms the basis of the crime charged; both incidents occurred in the late afternoon at defendant's trailer; the separate occurrences involved violations of Georgia's Controlled Substances Act; defendant and co-defendant Joiner were present during both transactions and both times defendant was either in actual or constructive possession of quantities of cocaine. "Under the circumstances, we find the evidence of similarity sufficient. Accordingly, as there was compliance with *Williams v. State*, [261 Ga. 640, 642 (2) (b) (409 SE2d 649)] and *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483), and the trial court's ruling was not clearly erroneous, there was no error in admitting this similar transaction evidence. *Mitchell v. State*, 206 Ga. App. 672, 673 (426 SE2d 171)." *Riden v. State*, 213 Ga. App. 17, 18 (2) (443 SE2d 865).

Defendant further alleges that the circumstances preceding his arrest were improperly admitted as similar transaction evidence because he was acquitted of all criminal charges stemming from this incident. See *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360). While it is undisputed that the police raid at defendant's trailer on April 20, 1994, formed the basis of a separate indictment under which defendant was charged (in pertinent part) for possession of marijuana with intent to distribute and possession of cocaine with intent to distribute, the record in the case sub judice does not indicate that defendant has been acquitted of these offenses. See *Rhodes v. State*, 193

Ga. App. 28 (1), 29 (386 SE2d 857). The record only includes a handwritten document that was purportedly "[F]iled in open court this 12th day of April 1995," which provides as follows: "We the jury, according to the evidence presented by the State, we find the defendant, Gregory Bernard Kemp, innocent of all charges on this 12th day of April, 1995 . . . FOREPERSON [signature]." Assuming this document evidences defendant's acquittal of the charges stemming from the police raid on April 20, 1994, the State would not have been estopped in presenting the April 20, 1994, incident as a similar transaction or occurrence upon trial of the case sub judice (on October 24, 25 and 26, 1994) since defendant's purported acquittal on April 12, 1995, came after his conviction for selling cocaine to Special Agent Boyd on December 29, 1993. See *Harmon v. State*, 259 Ga. 444, 445 (4) (383 SE2d 874).

4. The Supreme Court's holding in *Brown v. State*, 264 Ga. 48 (441 SE2d 235), eliminates defendant's contentions that the trial court erred in instructing the jury on criminal intent and conflicts in testimony. Id. at 49 (3), 50 (3) (b) and (c), supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 26, 1995.

*W. W. Larsen, Jr.*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.