## A96A1764. CARTER v. THE STATE.

(480 SE2d 266)

BIRDSONG, Presiding Judge.

Sebastian Carter appeals his conviction of two counts of sale of cocaine. Appellant contends the evidence was insufficient to support the conviction inasmuch as it showed only presence at the scene of a crime. He also complains of the trial court's failure to strike a juror for cause.

The evidence showed that after an undercover agent was led to a house on Mason Drive and asked for "Poochie," appellant's sister Barbara Carter stated that Poochie was not home but that she would lead the agent and confidential informant to Poochie. Carter led the agent and informant to a church, where the agent told appellant he wanted to buy a $100 slab of cocaine. Appellant told the agent to meet him back at the Mason Drive location in 20 minutes. The agent did so, and appellant sold the agent the cocaine, using his sister as intermediary. Before the sister handed over the cocaine to the agent, she asked appellant, "You said $100, didn't you?" Appellant nodded his head, indicating "Yes." A second sale occurred in a similar manner, with appellant actively participating in the sale and agreeing to the sale but using his sister as intermediary. *Held*:

1. We have reviewed the evidence and find it more than sufficient to show appellant's active participation in the sale of cocaine on two occasions and to thereby allow a rational trier of fact to find appellant guilty of the sale of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence showed more than mere presence, beyond a reasonable doubt.

2. The trial court did not err in refusing to strike for cause a juror who stated that she knew a law enforcement officer who might be a witness. Georgia law imposes a strict basis for juror disqualification for favor because the defense and prosecution are allowed peremptory strikes to excuse jurors who they feel may have bias. *Jordan v. State*, 247 Ga. 328, 340 (276 SE2d 224). The mere fact that a juror expressed some doubt as to her bias is not conclusive. The question is whether that bias is so fixed and definite that it would not be changed by the evidence or charge of the court. *Gilstrap v. State*, 199 Ga. App. 223 (404 SE2d 629), rev'd on other grounds, 261 Ga. 798, 799 (410 SE2d 423). On questioning, this juror stated that it would be difficult to put aside her bias but that she would try, and that she could not say how she would vote before hearing the evidence. See *Garland v. State*, 263 Ga. 495 (435 SE2d 431). The trial court did not abuse its discretion (*Gilstrap*, supra) in refusing to strike this juror for cause.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge*

*Harold R. Banke concur.*

DECIDED JANUARY 9, 1997.

*Hagler, Hyles, Adams & McKenna, Richard C. Hagler,* for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney,* for appellee.