A97A2491. BROWN v. THE STATE.
(493 SE2d 230)

ELDRIDGE, Judge.

Appellant Donnie Brown challenges his March 1997 conviction in the Bibb County Superior Court for drug trafficking. We affirm.

The facts, viewed in the light most favorable to the verdict, are as follows:[1] on December 5, 1996, Investigator Robert Spires of the Macon Police Department received information from a reliable confidential informant ("RCI") regarding drug activity. Investigator Spires testified that the RCI reported that he had recently observed a light blue Dodge Charger, Georgia tag number CSJ491, in the Antioch

---

[1] See also *Leonard v. State*, 228 Ga. App. 792 (492 SE2d 747) (1997), the appeal of Brown's co-defendant, Spencer Charles Leonard.

Road area with two or three males inside; that one of the occupants was named "Donnie"; that at least one "cookie" of crack cocaine was in the car; that the car had just left the area; and that the car would return to the area in approximately one hour. Brown did not object to the introduction of this evidence.

Investigator Spires testified that he ran a computer check on the tag number and found that the tag was registered to Ronald Milner. Investigator Spires, along with other narcotics investigators, set up surveillance at locations on Antioch Road. Within 15 minutes of the time frame given by the RCI, a car matching the description appeared. Investigator Spires pulled the car over; Milner was driving the car, while Brown was seated in the front passenger's seat and Spencer Charles Leonard was seated in the rear.

Investigator Spires informed Milner why he had been stopped and asked for consent to search the vehicle, which Milner granted. After Milner, Brown, and Leonard exited the vehicle, Investigators Chris Patterson and Harry Colbert conducted the search of the vehicle. Investigator Patterson discovered a brown paper bag between the two front bucket seats, under the edge of the driver's seat and the hump. One "slab" of crack cocaine had fallen out of the bag and was in plain view from the front passenger's seat; the bag contained additional pieces of crack. According to Investigator Spires, all three of the co-defendants had access to the drugs. After the bag was pointed out by Investigator Patterson, Investigator Spires took the bag and drugs into custody. When questioned, all of the defendants denied ownership or knowledge of the crack. No drugs, drug-related paraphernalia, or drug-related money were found on Brown. The defendants stipulated to the introduction at trial of the certified copy of the State Crime Laboratory report regarding the seized cocaine; the analysis showed 30.5 grams of 69 percent purity for cocaine.

Brown, Leonard, and Milner were charged with trafficking in cocaine. Prior to the March 1997 trial, Leonard and Milner made a motion to reveal the identity of the RCI; following a hearing, the motion was denied. Brown did not participate in the motion, nor did he move separately to identify the RCI.

On March 26, 1997, Brown was found guilty of trafficking in cocaine; he was sentenced to thirty years, ten to serve, on March 27, 1997. Brown moved for a directed verdict and an acquittal notwithstanding the verdict, which were denied; his subsequent motion for a new trial also was denied. He timely appealed. *Held*:

1. In his first enumeration of error, Brown asserts that the trial court erred in not requiring the State to reveal the name of the RCI. However, Brown never moved to reveal the RCI's identity at trial. Therefore, this complaint is waived. *Kemp v. State*, 218 Ga. App. 842 (463 SE2d 385) (1995); *Wilson v. State*, 191 Ga. App. 833 (383 SE2d

197) (1989).

Further, contrary to Brown's assertions, the trial court did not err in failing to hold an in camera hearing on this issue when no such hearing was requested by Brown.[2] *Kemp*, supra at 843; cf. *Thornton*, 238 Ga. 160, 165 (231 SE2d 729) (1977) (finding that the trial court erred in failing to hold a hearing to determine if disclosure of RCI's identity was required); *Keith v. State*, 238 Ga. 157 (231 SE2d 727) (1977).

Even if Brown had moved to identify the RCI, the trial court would have been justified in denying his request for the same reasons this Court upheld the denial challenged by one of Brown's co-defendants, Spencer Charles Leonard. See *Leonard*, supra. In *Leonard*, supra, this Court noted that the co-defendants were being prosecuted for possession of cocaine *at the time of the arrest*, not at the time the RCI alerted the police. Under the circumstances, therefore, the RCI was a "mere tipster" who provided information about criminal activity, but who otherwise had not witnessed or participated in the offense or the contemporaneous arrest. See *Wells v. State*, 212 Ga. App. 60, 63-64 (441 SE2d 460) (1994); *Johnson v. State*, 164 Ga. App. 501, 504 (297 SE2d 38) (1982); see also *Thornton v. State*, supra at 165; cf. *Ponder v. State*, 191 Ga. App. 346, 347 (381 SE2d 534) (1989) (informer witnessed the crime); *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988) (informer witnessed the crime). As such, the RCI's identity was privileged and disclosure was not required. *Thornton*, supra at 165; *Wells*, supra at 63-64.

The fact that the RCI told Investigator Spires that he believed that one of the car's occupants was named "Donnie" does not transform the RCI into an informer-witness or otherwise change this analysis. There was no dispute at trial that Donnie Brown was in the car with the drugs at the time the stop was made and the drugs were seized. The actual witnesses to the arrest, the police officers and Milner, testified and were subject to cross-examination at trial.[3] Further, since the RCI was not present at the time of the arrest, his testimony regarding Brown would have been hearsay and inadmissible. See *Thornton*, supra at 165. As such, there was no abuse of discretion on the part of the trial court in refusing to order the State to reveal the RCI's identity.

2. Brown asserts that, in refusing to order the identification of

---

[2] Notably, a pretrial hearing on this issue was held upon motion by Brown's co-defendants; however, no transcript was available for review. As a result, the trial court's decision that the identity of the RCI was privileged will not be disturbed.

[3] Notably, Brown did not cross-examine the officers about the RCI's statement regarding "Donnie"; as such, he waived any defense as to an asserted misidentification by the RCI. See *Nicely v. State*, 197 Ga. App. 206 (397 SE2d 630) (1990).

the RCI, the trial court violated his Sixth Amendment right to confront witnesses against him. However, as decided in *Leonard*, supra, and re-affirmed in Division 1, supra, the RCI in this case was not a witness to the crime for which Brown was charged. As such, there was no violation of Brown's constitutional rights under the Sixth Amendment.

3. In his third enumeration, Brown asserts that the trial court erred in denying his motion for a new trial, which was based in part on the State's alleged violation of his rights under *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963) ("*Brady*"). *Brady* requires the disclosure of all evidence which is favorable to the defendant when it is material either to the defendant's guilt or punishment. Id. at 87.

In this case, Brown asserts that the RCI's statement to police officers was material to Brown's guilt, in that the statement referred to a participant named "Donnie." However, the RCI in this case was a mere tipster, see Division 1, supra, so that "the tipster's identity could not be material to the guilt or innocence of the defendant under *Brady* or be relevant and helpful to the defense under *Roviaro* [*v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956)]. The public policy of the state toward non-disclosure would not be overcome and the state may rely on its privilege. It follows, therefore, that if the trial court initially determines that the informer was merely a pure tipster, his identity would be privileged, and no further inquiry would be necessary." *Thornton*, supra at 165.

In addition, even if the RCI's reference to "Donnie" was somehow determined to be relevant, the statement was clearly inculpatory as to Brown's participation in the criminal activity. As such, it was not discoverable under *Brady*, which requires only the disclosure of *exculpatory* evidence. *Brady*, supra at 87.

Further, contrary to Brown's assertions, the State was not required to disclose the statement by the RCI pursuant to *Brady* simply because it may have had impeachment value. This Court has held that the mere possibility that evidence sought from an unidentified source could be used to impeach a witness is not enough to demand disclosure of the evidence or the identity of the source under *Brady*. *Moore*, supra at 390.

As such, there was no violation by the State of Brown's rights under *Brady*, so that Brown was not entitled to a new trial on that basis.

4. Brown asserts that the trial court erred in denying his motion for acquittal notwithstanding the verdict. However, Georgia law does not provide for such motion in a criminal proceeding. *Rhyne v. State*, 209 Ga. App. 548 (434 SE2d 76) (1993), aff'd, 264 Ga. 176 (442 SE2d 742) (1994); *State v. Bilal*, 192 Ga. App. 185, 186 (384 SE2d 253)

(1989); *Lamons v. State*, 176 Ga. App. 290 (335 SE2d 652) (1985), rev'd on other grounds, 255 Ga. 511 (340 SE2d 183) (1986). When "made in the alternative with a motion for a new trial in a criminal case, . . . [a motion for acquittal notwithstanding the verdict] is treated simply as a motion for new trial." *Bilal*, supra at 186; *Lamons*, supra at 291. Therefore, we will consider this enumeration as a challenge to the trial court's denial of Brown's motion for a new trial.

OCGA § 16-13-31 (a) (1) defines the offense of trafficking in cocaine as when a person "knowingly sells, manufactures, delivers, or brings into this state or . . . is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine[.]" The evidence in this case showed that Brown was in the front passenger seat of the car at the time it was stopped by Investigator Spires; that he had been in the car for at least 30-45 minutes; and that a slab of cocaine was found in plain view near the hump between the front seats. Co-defendant Milner's witness testified that he overheard Brown offer Milner $1,000 "to take the drug charge" while the men were in the Bibb County Law Enforcement Center holding cell. The witness also testified that he heard Leonard confront Brown about why Brown had not thrown the drugs out of the window prior to being stopped by the police officers.

"On appeal the evidence must be viewed in a light most favorable to the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, on appeal this Court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). A review of the evidence in the light most favorable to the verdict reveals that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Brown was in close proximity to the cocaine in the car, that he knew of the presence of the drugs, that the drugs were jointly possessed by Leonard and Brown,[4] and that, therefore, Brown was guilty of drug trafficking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grant*, supra at 464; see also *Leonard*, supra at 792 and cases cited therein.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 30, 1997.

*Nancy A. Atkinson*, for appellant.

---

[4] Co-defendant Milner, who testified in his own behalf, was acquitted.

*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Assistant District Attorney*, for appellee.