## A97A1870. PARKER v. THE STATE.
(493 SE2d 558)

ANDREWS, Chief Judge.

Seaton Parker appeals from the judgment entered on a jury verdict finding him guilty of armed robbery, two counts of aggravated assault, criminal attempt to commit armed robbery, possession of a firearm during the commission of a crime, and possession of tools for the commission of a crime. This is the second appellate appearance of this case. In a prior jury trial on the same indictment, Parker was found guilty of all of the above offenses, but we reversed the convictions and granted Parker a new trial because of an error in jury selection under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). *Parker v. State*, 219 Ga. App. 361 (464 SE2d 910) (1995). This appeal is from his convictions on re-trial.

Parker claims the trial court erred by: (1) failing to strike a juror for cause; (2) failing to sever the offenses for trial; (3) overruling his motion to suppress certain evidence; and (4) improperly commenting on the evidence during the State's closing argument. We find no error and affirm the convictions.

1. There was no error in the trial court's refusal to strike a prospective juror for cause.

Upon voir dire questioning, the prospective juror at issue stated that, because his daughter had been the victim of an armed robbery, he doubted whether he could render an unbiased judgment as to the guilt or innocence in the present case. However, upon further questioning by the trial court and defense counsel, the prospective juror

stated that his daughter's experience would not influence him in the present case from rendering an impartial verdict based on the evidence and the court's instructions as to the law. A prospective juror's expression of doubt as to his bias is not conclusive on the issue of disqualification for cause. *Carter v. State*, 224 Ga. App. 217 (480 SE2d 266) (1997). "The question is whether that bias is so fixed and definite that it would not be changed by the evidence or charge of the court. [Cit.]" Id. at (2). The trial court did not abuse its discretion in refusing to strike the prospective juror for cause.

2. Parker claims the trial court erred by failing to sever Counts 1, 2, and 3 of the indictment from Counts 4, 5, and 7. Parker entered a guilty plea to Count 6. The first three counts stemmed from an armed robbery of a Wendy's restaurant on August 21, 1993. The latter counts stemmed from an attempted armed robbery of another Wendy's restaurant on September 3, 1993.

Parker made the same enumeration of error in his first appeal to this Court from a judgment entered on convictions on the same indictment. *Parker*, supra. In *Parker*, after considering the *Batson* claim, we stated that "[w]e have considered Parker's remaining enumerations of error and find that they either lack merit or are unlikely to recur at trial." Id. at 364 (2). Since Parker was retried on the same indictment, the enumeration of error in the prior appeal asserting failure to sever was not one we found unlikely to recur at trial. Accordingly, this enumeration of error was previously considered and found to be without merit in *Parker*, supra. Parker does not claim, and we find no basis to conclude, that new or different evidence on re-trial precludes application of the doctrine of res judicata on this issue. *Blalock v. State*, 201 Ga. App. 461 (411 SE2d 914) (1991). Because this issue was decided adversely to Parker in his prior appeal, relitigation is precluded by res judicata. Id.

3. Parker contends the trial court erred by denying his motion to suppress testimony that the keys were in the ignition of his car parked near the Wendy's restaurant where he was arrested for the attempted armed robbery on September 3, 1993.

A police officer testified that he was called to the Wendy's restaurant to investigate a report that two men were hiding in the men's bathroom at the restaurant at closing time around 10:00 p.m. After being repeatedly ordered by the officer to come out, Parker and another man came out of the bathroom. A frisk of Parker revealed that he had a handgun concealed inside the front waistband of his pants. In the bathroom, the officer found another handgun and two ski masks in the toilet tank and two pairs of gloves under the toilet. The officer did not conduct a custodial interrogation of Parker at the scene, but Parker told the officer that his car was parked at a nearby Chinese restaurant and that he had walked over to Wendy's to use

the restroom. The officer investigated this claim and found a car fitting the description given him by Parker backed into a dark area of the parking lot at a Chinese restaurant about 50 to 100 yards from Wendy's. He testified that he shined his flashlight through the car window and observed that the keys were in the ignition.

Parker claims the trial court should have granted his motion to suppress the officer's testimony as to the keys in the ignition because this information was obtained as a result of an illegal search of his car. There is no merit to this enumeration. The officer violated no Fourth Amendment rights by investigating Parker's claim that his car was parked at a nearby restaurant. Upon discovering the car, the officer observed the keys in the ignition in plain view by shining his flashlight through the car window. Since the officer violated no Fourth Amendment rights in establishing his vantage point, he was entitled to use his flashlight to observe any incriminating evidence in plain view. *Galloway v. State*, 178 Ga. App. 31, 32-34 (342 SE2d 473) (1986).

4. Parker contends the trial court committed reversible error by improperly commenting on the evidence during the State's closing argument.

During closing argument, the prosecutor noted that Parker told the officer he had stopped at a nearby Chinese restaurant and was at Wendy's just to use the restroom. The prosecutor argued that it was improbable that Parker had stopped to eat at the Chinese restaurant because the officer had searched Parker and found no money on his person. Defense counsel objected on the basis that the officer "was never asked if there was any money found." The prosecutor responded that he specifically remembered the officer's testimony. In ruling on the objection, the trial court stated: "The court specifically recalls the officer testifying in that regard. However, the jury will collectively recall the evidence in the case. The objection is overruled."

The record shows that, during direct examination of the officer, the prosecutor asked him if his search of Parker showed that Parker had any money on his person. The officer testified that he thoroughly searched Parker at the time of his arrest and that he had no money on his person. In overruling the objection, the trial court properly corrected defense counsel's inaccurate statement as to the officer's testimony. Moreover, the trial court did so in a manner that avoided any expression of what was or was not proved or as to the guilt of the accused. See OCGA § 17-8-57. This enumeration is meritless.

5. A review of the record shows that the evidence was sufficient for a rational trier of fact to find Parker guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

Decided October 22, 1997 —
Reconsideration dismissed November 6, 1997.

*Devon A. Orland*, for appellant. ·

Seaton Parker, *pro se*.

*J. Tom Morgan, District Attorney, Desiree S. Peagler, Benjamin M. First, Priscilla E. N. Carroll, Assistant District Attorneys*, for appellee.