A98A1222. HANEY v. THE STATE.
(507 SE2d 18)

JOHNSON, Presiding Judge.

Stanley Anderson Haney appeals his conviction of trafficking in cocaine by unlawfully and knowingly possessing twenty-eight grams or more of a mixture containing at least ten percent cocaine. OCGA § 16-13-31 (a) (1). Viewed most favorably to support the verdict, the evidence at trial shows that Candy Lynn Rodriquez had known Haney for about a year. Evidence of their relationship included testimony that Haney hired her on various occasions to clean his house; he had repaired her car; and he had picked her up when she was

having car trouble. Rodriquez was arrested by undercover officers as she attempted to purchase cocaine from a police informant named Heather. Rodriquez's boyfriend was also arrested. Rodriquez told the arresting officers that Haney had given her the money to buy the cocaine and that she was to deliver the cocaine to Haney immediately after obtaining it. The sale of cocaine to Rodriquez was a controlled buy. Rodriquez knew of Haney's cocaine distribution business and some of the other persons involved. Previously, Rodriquez had contacted Heather and informed her that Haney had lost his cocaine supplier. Heather told Rodriquez that she could sell cocaine to her so that Rodriquez could deliver it to Haney. When informed of this, Haney asked Rodriquez to make the purchase and promised that in return he would get Rodriquez's Christmas presents out of layaway. The drug deal was set up, and Rodriquez met Haney and obtained $1,800 from him to purchase two ounces of cocaine. Heather and Rodriquez agreed to meet in a Target store parking lot where Rodriquez bought the cocaine.

Following her arrest, Rodriquez agreed to cooperate with the arresting officers and become an informant in cases involving persons other than Haney. She also agreed to contact Haney and lure him to the parking lot. She telephoned Haney and told him that she was having car trouble and needed him to pick her up. She did not mention "cocaine" as testimony indicated this is not done in the drug trade. When Haney arrived at the parking lot, Rodriquez and a female undercover investigator walked over to Haney's car. Both video and audio tapes were made of their ensuing conversation. Rodriquez told Haney that Heather had just left and asked if Haney had seen her. Haney stated he did not know Heather. Rodriquez handed Haney the bag of cocaine. Although she did not identify the contents of the bag, she did say, "there's that," as she handed the bag to Haney. Haney took the bag and "fiddled" with it for a moment. The investigator asked Haney if he would break her off just a piece of the cocaine. When the investigator said "some good stuff, isn't it," Haney replied, "I have no idea." The investigator then handed Haney an open cellophane wrapper. Haney held the bag in one hand, examined it, and inserted his thumb and finger into the bag. Haney was in the process of breaking off a piece of cocaine when law enforcement officers surrounded Haney's vehicle and arrested him. When asked what he was doing at the crime scene, Haney told the arresting officers that he was there because Rodriquez was having car problems.

1. Haney asserts that the trial court erred in denying his motion for directed verdict because there exists insufficient evidence of his knowledge or intent to possess cocaine. We disagree. The proper appellate test when sufficiency of the evidence is challenged by a

motion for directed verdict of acquittal is the reasonable doubt test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889) (1991).

There exists both direct and circumstantial evidence of Haney's guilt. Rodriquez testified that Haney asked her to purchase the cocaine for him and gave him the money for the drug purchase. Rodriquez thus was an accomplice of Haney. The record establishes that her testimony was adequately corroborated. Only slight evidence of corroboration is required to adequately corroborate the testimony of an accomplice, and the testimony of one accomplice may even be corroborated by the testimony of another. *Ledbetter v. State*, 262 Ga. 370, 372 (5) (418 SE2d 57) (1992).

It is immaterial that Haney was not the person who directly purchased the cocaine from Heather. Even if Haney did not directly commit the crime, he could still be indicted, tried, convicted and punished for it if he were a party to the crime within the meaning of OCGA §§ 16-2-20 and 16-2-21. The jury could infer from the evidence, including the testimony that Haney was in the process of breaking off a piece of cocaine for the undercover officer when he was apprehended, that Haney had the requisite knowledge and criminal intent and that he was a party to the drug transaction. "[T]he intention with which an act is done is peculiarly for the jury[.] [Cit.]" *Haire v. State*, 133 Ga. App. 12-13 (209 SE2d 681) (1974).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); accord *Brown v. State*, 229 Ga. App. 87, 91 (4) (493 SE2d 230) (1997). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). Under this rule, the state is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994).

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of trafficking in cocaine as averred in the indictment. *Jackson v. Virginia*, supra. Even if the existing evidence of Haney's guilt could be classified as being entirely circumstantial, the jury rationally could have found that the evidence excluded every reasonable hypothesis except that of the defendant's guilt as to the trafficking in cocaine offense.

2. Haney contends the trial court erred in failing to instruct the

jury as to that portion of his requested pattern jury charge on impeachment that provides a witness may be impeached by "[p]roof of general bad character." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 3, Special Charges, R. 1. b., p. 27. Haney cites no legal authority in support of this argument. He argues that because Rodriquez repeatedly admitted on cross-examination that she had used illegal drugs and had been present for or involved in the sale and purchase of illegal drugs, she admitted to a pattern of conduct that would constitute bad character sufficient to require the trial court to charge on this issue. This argument is without merit for two reasons.

First, the written request to charge was inadequate. Haney requested that the court "give the following instructions from the *Georgia Pattern Jury Instruction In Criminal Cases*, Vol. II . . . Part 3, Special Charges: A, B, C, D, H, K, L, N, R, S, and CC." Implicit in this request is that the trial court charge only the appropriate language found in each of the requested pattern charges. The request to charge fails to identify which language in the requested special charges is or is not appropriate. Thus, the request to charge is both incomplete and not adequately tailored to the evidence in this case. See *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992); see also *James v. State*, 210 Ga. App. 454 (2) (a) (436 SE2d 565) (1993); compare *Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997). "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris*, supra.

Second, the specific portion of the pattern charge at issue was not authorized by the evidence. The procedure for impeaching a witness by presenting evidence of his general bad character is promulgated in OCGA § 24-9-84. "[O]nly evidence of general reputation is admissible." *Williams v. State*, 251 Ga. 749, 801 (13) (312 SE2d 40) (1983). "Particular acts or transactions of the witness sought to be impeached are not admissible to prove his character and cannot be shown either by cross-examination of him, or by the testimony of other witnesses." (Footnotes omitted.) Green, Ga. Law of Evidence (4th ed.), § 138, p. 287. Personal opinions as to bad character, specific character traits, or special acts of misconduct, whether elicited on direct or cross-examination, will not, standing alone, *warrant a charge* by the trial court on impeachment by proof of general bad character. See *Williams*, supra; *Andrews v. State*, 196 Ga. 84, 98 (5) (26 SE2d 263) (1943); *Gresham v. State*, 169 Ga. App. 525, 527 (2) (314 SE2d 111) (1984); see also *Shaw v. Hughes*, 199 Ga. App. 212, 215 (5) (404 SE2d 309) (1991). As Haney has not shown that the requested charge was authorized by the evidence, the trial court did

not err in omitting the language at issue from its impeachment charge to the jury.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 20, 1998 —
RECONSIDERATION DENIED SEPTEMBER 3, 1998.

*Steven M. Reilly,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.