A99A0818. BURKS v. THE STATE.
A99A0856. ALLS v. THE STATE.
(521 SE2d 416)

RUFFIN, Judge.
Verlon Burks and Willie Paul Alls were each convicted of robbery and aggravated assault, and Alls was also convicted of certain driving violations. After Alls filed a motion for new trial, the trial court merged his aggravated assault conviction into his robbery conviction. Both defendants appeal, contending that the evidence was insufficient to support their robbery convictions. In addition, Alls contends that he is entitled to a new trial because certain photographs were improperly admitted. Because these contentions are without merit, we affirm.

1. On appeal of a criminal conviction,

the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Taylor v. State*, 235 Ga. App. 323, 324 (1) (509 SE2d 388) (1998).

Viewed in the light most favorable to the verdict, the evidence showed as follows. On December 3, 1997, Kathleen Tilley was walk-

ing across a parking lot on her way to work when a van pulled alongside her. Tilley described the van as having a brown hood. A passenger in the van reached his arm out of the window and grabbed Tilley's purse. Tilley fell to her knees and was dragged along by the vehicle before letting go of the purse. Among the items in her purse were a wallet, umbrella, checkbook, insurance card, driver's license, social security card, and a $100 bill. Police officers arrived on the scene within a few minutes, and Tilley provided a description of the vehicle. The police put out an alert for the vehicle, and a van matching the description was seen speeding nearby a few minutes later. Officer Ronald Rhodes chased the vehicle in a marked police car, with lights and siren activated, but the van attempted to flee, running through at least three red lights. After other officers joined the chase, Officer Rhodes discontinued his pursuit.

Sergeant Kelly Clair and Deputies Robert Whitlock, R. H. Hitchcock, and Reginald McCain continued chasing the van. On several occasions, the driver of the van attempted to ram Clair's vehicle, at a speed of 80-85 mph, when Clair tried to pass. At one point, the passenger threw what appeared to be a purse out of the passenger side window. The purse hit Hitchcock's car and appeared to "explode," with items flying out. Deputy McCain stopped to retrieve these items. He discovered Tilley's driver's license, umbrella, and checkbook, as well as several receipts with Tilley's name on them. He was not able to find Tilley's purse or wallet on the busy highway. The purse was apparently found a day or two later inside a mailbox.

Clair, Whitlock, and Hitchcock continued with the chase. At some point, Clair saw the van lurch forward, with black smoke escaping from it. The van then coasted to a stop in a church parking lot. The passenger, subsequently identified as Burks, got out of the van and immediately surrendered. The driver, subsequently identified as Alls, was subdued after a short struggle with Clair. At trial, Tilley was shown photographs of Alls' van and stated that it looked like the one involved in the robbery.

The evidence was clearly sufficient to authorize the jury to find Alls and Burks guilty beyond a reasonable doubt of robbery. Although defendants argue that it is possible they could have simply found Tilley's purse after it had been discarded by the actual robbers, they presented no evidence at trial in support of this speculative hypothesis, and the jury was clearly authorized to reject such hypothesis as unreasonable in light of the evidence presented. See *Williams v. State*, 204 Ga. App. 43, 44 (418 SE2d 387) (1992) (whether evidence excludes every reasonable hypothesis but guilt is for jury). With respect to the passenger, Burks, the evidence showed that it was the passenger who actually grabbed the purse from Tilley and later threw it from the van's window. With respect to Alls, the

evidence showed that he facilitated the crime by driving the van so as to allow Burks to grab the purse. Thus, the evidence was "more than sufficient to show appellant[s'] active participation in the [robbery] and to thereby allow a rational trier of fact to find appellant[s] guilty of [robbery] beyond a reasonable doubt." *Carter v. State*, 224 Ga. App. 217 (1) (480 SE2d 266) (1997). See also *Hefner v. State*, 224 Ga. App. 612, 613 (1) (481 SE2d 599) (1997); OCGA § 16-8-40 (a).

2. Alls contends that the trial court erred in admitting photographs of the van, asserting that no proper foundation was laid for their admission. However, pretermitting whether the photographs were properly authenticated, it is highly probable that their admission did not affect the outcome of the trial. Tilley's testimony that the van in the photographs "looks like the van that pulled beside me" added little to her previous description of the vehicle as a van with a brown hood. The more salient facts are (1) that the defendants were seen shortly after the robbery driving a van that matched Tilley's description, (2) that the defendants tried to flee by leading the police on a high-speed chase, and (3) most importantly, that the defendants were seen by the police to throw Tilley's purse out of the van as they were fleeing. Given the overwhelming evidence of the defendants' guilt and the fact that the photographs added little to the overall weight of the evidence, it is highly unlikely that the outcome would have been different had the photographs not been admitted. See *Jenkins v. State*, 270 Ga. 607, 609 (3) (512 SE2d 269) (1999); *Royal v. State*, 217 Ga. App. 459, 460 (2) (458 SE2d 366) (1995).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 29, 1999.

*Patricia F. Angeli*, for appellant (case no. A99A0818).
*George C. Creal, Jr.*, for appellant (case no. A99A0856).
*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.