## A99A2196. EBERHART v. THE STATE.
### (526 SE2d 361)

ELDRIDGE, Judge.

Gary Dean Eberhart challenges his convictions on two counts of simple battery. We affirm.

When this Court reviews a conviction on appeal, "the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this [C]ourt determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in such light, the evidence showed that, at approximately 12:30 a.m. on June 30, 1998, Eberhart was intoxicated when he arrived at his Clarke County home. His wife and their infant daughter were asleep on the floor. Eberhart kicked his wife "all over" and told her to "get up" because he wanted to play cards. When she refused, Eberhart stepped on her head, kicked her again, grabbed her right arm, "yanked" her up off the floor, and slapped her repeatedly. Mrs. Eberhart attempted to leave the apartment while holding the child. Eberhart put his arms around her to prevent her from leaving. He threatened to kill her if she had him put in jail. Mrs. Eberhart cried out for someone to call 911, slapped Eberhart, and ran from the apartment. As she ran down the street, Eberhart chased her on his bicycle. Mrs. Eberhart went to the nearby Athens Regional Medical Center emergency room.

Police officers responded to a 911 call and found Eberhart walking down the middle of the street. He appeared to be intoxicated and had a scratch underneath one eye, and his shirt was torn. After one of the police officers questioned Eberhart at the scene, the officer went to the emergency room and found Mrs. Eberhart. She was "visibly shaken and crying and very upset." Mrs. Eberhart was barefoot and wearing pajamas. She had a "grab mark" on her right arm and a mark on her left knee. The entire left side of her face was very red. Based upon his investigation, the officer determined that Eberhart was the primary aggressor in a domestic dispute and returned to the scene, where he arrested Eberhart for simple battery.

Eberhart was tried by a jury in November 1998. In addition to the above evidence, the State showed that Eberhart is 6' tall and weighs 200 pounds, while Mrs. Eberhart is 5'2" tall and weighs 110 pounds. The State also presented evidence of a similar transaction

occurring on August 11, 1997, when Mrs. Eberhart was seven and one-half months pregnant. During that incident, Eberhart struck Mrs. Eberhart in the stomach. The resulting bruise caused her to seek medical treatment in order to ensure the safety of her pregnancy.

After his conviction on both counts, Eberhart filed a motion for new trial. He appeals from the denial of that motion. *Held*:

1. In his first enumeration, Eberhart contends that the evidence was insufficient to support his conviction on the first count of simple battery, i.e., intentionally causing the victim physical harm. OCGA § 16-5-23 (a) (2). Specifically, he argues that the circumstantial evidence of his intent to commit the battery was insufficient, because it did not exclude the possibility that he did not intend to harm his wife. This argument is without merit.

"The intention with which an act is done is peculiarly for the jury." (Citations and punctuation omitted.) *Haney v. State*, 234 Ga. App. 214, 216 (1) (507 SE2d 18) (1998). See also *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998). It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which they are being prosecuted. See *Johnson v. State*, 158 Ga. App. 183, 184 (1) (b) (279 SE2d 483) (1981); *Davis v. State*, 53 Ga. App. 325, 326 (185 SE 400) (1936). Therefore, it is often necessary to prove such intent through the use of circumstantial evidence. See *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993); *Davis v. State*, supra at 327. "Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6." (Citations and punctuation omitted.) *Grimsley v. State*, supra. A jury may infer that a person acted with criminal intent after considering the "words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. See also *Thrasher v. State*, 225 Ga. App. 717, 718 (1) (484 SE2d 755) (1997); *Nichols v. State*, 210 Ga. App. 134, 138 (7) (435 SE2d 502) (1993). In order to support a conviction, such circumstantial evidence does not have to exclude *every* possible hypothesis other than the defendant's guilt, but only *reasonable* hypotheses. OCGA § 24-4-6; *Haney v. State*, supra; *Harris v. State*, 222 Ga. App. 56, 58 (473 SE2d 229) (1996); *Nichols v. State*, supra. Whether a hypothesis is reasonable is a question for the jury, and such finding will not be disturbed on appeal unless the guilty verdict is insupportable as a matter of law. *Wehunt v. State*, 270 Ga. 456, 459 (511 SE2d 163) (1999); *Harris v. State*, supra; *Williams v. State*, 204 Ga. App. 43, 44 (418 SE2d 387) (1992).

In this case, the evidence demonstrated that Eberhart repeatedly made contact with his wife by kicking, slapping, and grabbing her, as well as holding her against her will. Eberhart admitted dur-

ing his testimony that he intentionally "held [his wife] by her arms" to keep her from leaving the apartment, even though she asked him to let her leave. During his questioning by police officers, Eberhart admitted that he "grabbed" his wife's arms. During his investigation, the police officer noticed that Mrs. Eberhart had a red "grab mark" on her arm, in addition to marks on her leg and face. Finally, the State presented evidence that Eberhart had struck his wife and inflicted a separate injury 11 months earlier.

Although Eberhart claimed at trial that he did not "intend" to hurt Mrs. Eberhart when he "nudged" and "grabbed" her, the jury also heard extensive evidence of both the acts and the resulting harm. The jury obviously found that Eberhart's testimony lacked credibility and that his explanation was unreasonable. Such determination is solely within their power as factfinders. OCGA § 24-9-80; see also *Bryant v. State*, 226 Ga. App. 135, 136 (1) (486 SE2d 374) (1997); *Thrasher v. State*, supra at 717-718 (1); *Parham v. State*, 166 Ga. App. 855, 856 (1) (305 SE2d 599) (1983).

As such, the evidence was sufficient for the jury to find that Eberhart intentionally harmed his wife and was, therefore, guilty beyond a reasonable doubt of simple battery. See *Jackson v. Virginia*, supra.

2. In his second enumeration, Eberhart contends that the circumstantial evidence presented was insufficient to support his conviction for the second count of simple battery, i.e., intentionally making physical contact of an insulting and provoking nature with the victim. OCGA § 16-5-23 (a) (1). We disagree.

As noted above, there was extensive evidence presented to show that Eberhart repeatedly kicked, slapped, and grabbed his wife. Eberhart testified at trial that he made the first, unprovoked contact with his sleeping wife when he "nudged" her with his foot to wake her up. He also admitted trying to "control" her by grabbing her arms and keeping her from leaving.

As such, the undisputed evidence demonstrated that Eberhart intentionally made contact with Mrs. Eberhart. Whether or not such contact was "insulting and provoking" was a factual issue to be decided by the jury. Such finding will not be disturbed on appeal as it was supported by competent evidence and, therefore, was not clearly erroneous. See *Thrasher v. State*, supra at 718 (1). The evidence presented was sufficient to find Eberhart guilty beyond a reasonable doubt on the second count of simple battery. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 30, 1999.

*Finch & Finch, Debra M. Finch*, for appellant.

*Kenneth W. Mauldin, Solicitor, Phillip C. Griffeth, Karl D. Cooke, Jr., Assistant Solicitors*, for appellee.