## 51678. PARHAM v. THE STATE.

PANNELL, Presiding Judge.

On August 24, 1974, appellant was tried for murder for shooting Elmer Willis, a Madison County sheriff. He was convicted of voluntary manslaughter. He appealed the conviction. The Court of Appeals reversed the conviction and remanded the case for new trial. One of the grounds for reversal was that there was no evidence of voluntary manslaughter presented at trial.

The defendant was subsequently indicted for the voluntary manslaughter of Elmer Willis. Prior to arraignment, the defendant filed two pleas in bar, which were denied. Upon the trial of the case, the jury could not reach a verdict, and the trial judge declared a mistrial. Appellant moved for a judgment of acquittal notwithstanding the mistrial. The judge denied defendant's motion. The defendant appeals the denial of his pleas in bar and motion for judgment of acquittal notwithstanding the mistrial, pursuant to a certificate for immediate review.

This case is controlled by the decision of the Georgia Supreme Court in *Marchman v. State,* 234 Ga. 40 (215 SE2d 467). "The Court of Appeals reversed appellant's first conviction because the evidence did not authorize the verdict. If the prosecution here on appeal is for the same crime for which appellant was previously prosecuted it is

barred by Code Ann. § 26-507 (d) which provides, 'A prosecution is not barred within the meaning of this section . . . (2) if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction. . . unless there was a finding that the evidence did not authorize the verdict.' Ga. L. 1968, pp. 1249, 1267. If the prosecution here is for a different crime it is barred by Code Ann. § 26-507 (b) which provides, 'A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) . . . was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge) . . .' Ga. L. 1968, pp. 1249, 1267." *Marchman v. State,* supra, p. 41.

*Judgment reversed. Evans and Marshall, JJ., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 5, 1976.

*Ken Stula,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.