A89A0048. THE STATE v. BILAL.
(384 SE2d 253)

POPE, Judge.
Appellee was convicted by a jury of selling a dangerous drug in contravention of OCGA §§ 16-13-71 and 16-13-72. After trial, appellee made a motion for new trial and/or motion for directed verdict of acquittal notwithstanding the verdict. The trial court, troubled by the fact that the conviction resulted from the retail sale by a clerk of two small bottles labeled "Rush" and "Locker Room" which contained isobutyl nitrate, an isomer of the prohibited drug, butyl nitrate, granted appellee's motion for judgment notwithstanding the verdict. This was after the trial court denied a motion for directed verdict at trial.

The State appeals, arguing that this order is null and void because the remedy of acquittal notwithstanding the verdict does not exist in criminal law. *Held:*

Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976); *Darden v. Ravan*, 232 Ga. 756 (1) (208 SE2d 846)

(1974).

In *Wilson v. State*, 215 Ga. 775 (1) (113 SE2d 607) (1960), the Supreme Court held that there is no statutory provision in our criminal law for judgment notwithstanding the verdict and declined to judicially create such a remedy and disapproved of the holding to the contrary in *Crowe v. State*, 98 Ga. App. 185 (3) (105 SE2d 353) (1958). The addition of the right to move for a directed verdict in a criminal case by the legislature in 1971 (Ga. L. 1971, p. 460, § 1, codified as OCGA § 17-9-1) did not affect the holding in *Wilson*, supra, for the legislature did not create a right to judgment notwithstanding the verdict in a criminal case. (*Compare* OCGA § 9-11-50 which provides for a directed verdict in civil cases in subsection (a) and for a judgment notwithstanding the verdict in subsection (b) *with* OCGA § 17-9-1 which provides for a directed verdict in criminal cases but is silent regarding judgment notwithstanding the verdict. We note that OCGA § 17-9-1 was enacted in 1971, while OCGA § 9-11-50 was enacted in 1966.) We find that the trial court erred in entering judgment notwithstanding the verdict.

However, the trial judge's order was not a complete nullity. Where a motion for judgment notwithstanding the verdict is made in the alternative with a motion for a new trial in a criminal case, as was done here, such motion is treated simply as a motion for new trial. *Lamons v. State*, 176 Ga. App. 290 (2) (335 SE2d 652) (1985). Therefore, we hold that the effect of the trial court's order was to grant appellee a new trial and we remand this case to the trial court for further proceedings consistent with the grant of a new trial.

*Judgment reversed in part and affirmed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 10, 1989.

*James L. Webb, Solicitor, Norman R. Miller, Assistant Solicitor,* for appellant.
*Leonald L. Franco, Raoul LeRow,* for appellee.