A89A2022. BALLENTINE v. THE STATE.
(390 SE2d 887)

DEEN, Presiding Judge.

Frederick Ballentine brings this appeal from his conviction of five counts of child molestation, following the denial of his motion for a new trial.

1. Appellant first contends that the trial court erred in denying his motion for a new trial because a regular juror was improperly replaced by an alternate juror during jury deliberations.

Jury selection and voir dire occurred nine days before trial. Appellant did not object to the constitution of the jury or improper jury deliberation until he filed a motion for a new trial four months after trial. At the motion hearing, the Clerk of the Superior Court testified that Mr. Gordon, juror number two on the list, was selected as the alternate juror and that Mr. James, juror number forty-three, was selected as the first regular juror. The clerk remembered that during trial Juror James sat out in the front of the jury as an alternate juror, that Juror Gordon sat with the regular panel, and that the mix-up was an innocent mistake. Juror James testified that at all times during trial he sat in the alternate juror's seat and did not participate in the jury's deliberations. Juror Gordon testified that when he appeared to serve it was unclear whether he was an alternate or a regular juror, that Mr. James indicated to him that he (James) was the alternate juror, and that at all times during trial he sat as a regular juror. When the jury returned its verdict, Mr. Gordon and the other jurors were polled and the court received its verdict. The juror mix-up was not noticed, and no objection was made to the composition of the jury.

OCGA § 15-12-171 provides that "[u]pon final submission of the case to the jury, the alternate jurors shall not retire with the jury of 12 for deliberation." Jury misconduct raises a presumption of harm that the State must overcome with a showing of harmlessness. *Johnson v. State*, 235 Ga. 486, 493 (220 SE2d 448) (1975). As the record shows that the alternate juror was drawn from the same source, in the same manner, had the same qualifications as the other jurors, listened to the same evidence and charge of court, the State has met its bur-

den of proof. Appellant's reliance upon *Newsome v. State*, 189 Ga. App. 329 (375 SE2d 621) (1988), is without merit. In *Newsome* the alternate juror was sent into the jury room with the regular jurors, and the State was unable to show the regular jurors were not influenced by him. In the instant case, the correct number of jurors deliberated, and the extra juror had no influence upon their decision. The prescribed mode of deliberation was not followed only because of an innocent error by the jurors as to who was the regular juror and who was the alternate. We find no harmful error.

2. The trial court did not improperly prohibit cross-examination of a State's witness, Stella Selph, a police detective who investigated the molestations reported by Ballentine's step-daughter.

The State first objected to defense counsel's statement: "So you let Mr. Ballentine sit in jail for two days?" This statement to the prosecution's witness is not really a question and would not mislead the jury as to the authority under which the defendant was being held. Ballentine was incarcerated under a lawful arrest warrant issued by a magistrate who found probable cause existed that the accused had committed the alleged crimes. "The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning." *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981). See also OCGA § 24-2-1, which requires that "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." Moreover, we find that this statement was argumentative. *Coker v. State*, 234 Ga. 555, 568 (216 SE2d 782) (1975).

The State also objected to the question: "When you read this transcript here, you think your questions were just the least bit suggestive to her?" After objection, which was followed by a bench conference, the court asked counsel to rephrase the question to Officer Selph and ask her: "Did she so frame her questions as to be suggestive to the child?" Counsel complied and asked: "Did you frame your questions as to be suggestive to the child at all?" We find no error. The question as originally asked invades the province of the jury. *Proctor v. State*, 235 Ga. 720, 725 (221 SE2d 556) (1975).

3. Appellant asserts as error the trial court's refusal to compel the State to produce specific dates and times as to each offense alleged in the indictment because he could not otherwise prepare an adequate defense. Ballentine claims that his assertion of alibi made time and date a material issue in the case because he did not reside in Hinesville during the week, but commuted to his home there on certain weekends while he was on a military assignment in Valdosta.

The State cites *Edgehill v. State*, 253 Ga. 343, 345 (320 SE2d 176) (1984), which holds that "when the exact date of the commission

of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations." The State claims that the indictment put the defendant on notice that the dates alleged in its various counts were not material allegations and would not be relied upon by the State. "[W]here the variance between the allegata and probata surprises and prejudices the defendant by effectively barring an alibi defense he intends to assert . . . the trial court should grant the defendant a continuance in order to afford him sufficient time to prepare his defense to meet a new date." *Edgehill v. State*, supra. As evidence of the accused's guilt was not restricted to the date alleged in the indictment but was extended to any appropriate date within the statute of limitation prior to the filing of the indictment, and he did not seek a continuance, we find no error. *Eberhardt v. State*, 257 Ga. 420, 421 (359 SE2d 908) (1987); *Keri v. State*, 179 Ga. App. 664, 668 (347 SE2d 236) (1986).

4. OCGA § 17-9-1 permits a directed verdict of acquittal only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of not guilty. At trial the child claimed that her stepfather had sodomized her once and denied that the act had occurred more than once. Other witnesses testified that she reported three instances of such conduct. When counsel made a motion for a directed verdict, the court reserved ruling on the motion and permitted the case to go to the jury. In granting the motion after receiving the verdict, the court obviously determined that the child's testimony supported only one count of sodomy and that the evidence of the other witnesses was not sufficient to support a conviction on those counts. We are unaware of any authority which does not permit the court to reserve ruling on a motion for a directed verdict of acquittal and rule upon it after the jury has dispersed. Assuming *arguendo* that such a ruling is error, appellant has failed to show harm. To warrant reversal, the alleged error must be harmful. *Dill v. State*, 222 Ga. 793, 794 (152 SE2d 741) (1966).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED FEBRUARY 6, 1990 —
REHEARING DENIED FEBRUARY 20, 1990 — 

*Roger J. Dodd*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.