A93A0505, A93A0999. RHYNE v. THE STATE (two cases).
(434 SE2d 76)

POPE, Chief Judge.

Defendant Walter York Rhyne was indicted and tried for murder. At the conclusion of the State's evidence and the conclusion of all evidence, defendant moved for directed verdict of acquittal. While the judge was considering the State's motion for mistrial, defendant again moved for directed verdict. Each time defendant's motion was denied. Ultimately, the judge declared a mistrial because it appeared that the jury was hopelessly deadlocked. Two weeks after mistrial was declared, defendant filed a motion for directed verdict notwithstand-

ing mistrial. The hearing on the motion was assigned to the judge who tried the case. Before the motion came on for a hearing, a different judge entered an order of nolle prosequi in the case in response to a motion brought by the State on the ground that defendant had been re-indicted. The order was entered without the defendant's consent or knowledge.

The trial judge then denied defendant's motion for directed verdict notwithstanding mistrial, noting that the merits of the motion were not reached but that the motion was denied because if the nolle prosequi was properly entered, the case was no longer pending and the trial court had no authority to grant defendant's motion. In the order denying defendant's motion, the trial court granted a certificate of immediate review and attempted to "certify" to this court questions concerning whether a motion for directed verdict notwithstanding mistrial may be granted and whether consideration of such a motion is precluded by the entry of nolle prosequi. Defendant filed with this court an application for interlocutory review and we granted the application. This appeal was docketed in this court as Case No. A93A0505. Defendant then filed an enumeration of error in which he reframed the questions posed by the trial court but then enumerated as error the trial court's denial of judgment of acquittal on the ground that the entry of nolle prosequi without his consent and while a motion for directed verdict of acquittal notwithstanding mistrial was pending has the effect of acquittal.

After mistrial, defendant was re-indicted on a three-count indictment charging defendant with malice murder, felony murder and voluntary manslaughter. Defendant filed a plea in bar and motion to dismiss the new indictment. Defendant's motion was denied and he filed an appeal with this court. This appeal is Case No. A93A0999. We granted defendant's motion to consolidate the two appeals.

### Case No. A93A0505

1. First we note that, unlike the Georgia Supreme Court which is authorized by the Georgia Constitution to consider questions of law from any state or federal appellate court (Ga. Const. 1983, Art. VI, Sec. VI, Par. V), this court is a court for the correction of legal errors on appellate and certiorari jurisdiction (Ga. Const. 1983, Art. VI, Sec. V, Par. III). Consequently, we cannot address the questions posed in the trial court's order and certificate of immediate review. The only issue before us on appeal is the error enumerated by defendant: whether the trial court erred in denying defendant's motion for directed verdict of acquittal notwithstanding mistrial because the entry of nolle prosequi without defendant's consent while such a motion was pending has the effect of acquittal.

Pursuant to OCGA § 17-8-3, before a case has been submitted to a jury the prosecutor may enter a nolle prosequi with the consent of the court, but after the case is submitted to the jury "a nolle prosequi shall not be entered except by the consent of the defendant." If it is entered after submission to the jury and without defendant's consent, a nolle prosequi is equivalent to an acquittal on a plea of former jeopardy. *Jones v. State*, 55 Ga. 625 (2) (1876). The *Jones* opinion goes on to say, however, that retrial on a subsequent indictment in such a situation would not be barred in the case of mistrial. Id. at (3). See also *Hobbs v. State*, 229 Ga. 556 (192 SE2d 903) (1972); *Rhodes v. State*, 200 Ga. App. 193 (6) (407 SE2d 442) (1991). Thus, a properly granted mistrial removes the case from the jury and a nolle prosequi entered after mistrial, even without the consent of defendant, does not have the effect of acquittal. The record supports the trial judge's conclusion that the jury was hopelessly deadlocked and thus termination by declaration of mistrial was proper. See OCGA § 16-1-8 (e) (2) (C). Defendant was not entitled to judgment of acquittal on the ground that the entry of nolle prosequi in these circumstances had the effect of acquittal.

Once a nolle prosequi is entered in a case, the prosecution and all incidents to it are at an end. *Merrill v. State*, 201 Ga. App. 671 (2) (411 SE2d 750) (1991); *State v. Davis*, 196 Ga. App. 785 (397 SE2d 58) (1990). Consequently, the defendant's motion became moot. Defendant nevertheless argues that the State should not be permitted to enter a nolle prosequi, thus terminating the case and permitting retrial on a subsequent indictment, where the defendant is entitled to a directed verdict pursuant to a post-mistrial motion. We reject defendant's premise that such relief exists pursuant to Georgia law and hereby disapprove any previous case law that implies otherwise.

No statutory provision for judgment n.o.v. exists in the statutory criminal law of Georgia and the Supreme Court, in *Wilson v. State*, 215 Ga. 775 (1) (113 SE2d 607) (1960), declined to create such a remedy judicially. In *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989), this court noted that the legislature's creation, in 1971, of a right to move for directed verdict during trial, codified at OCGA § 17-9-1, "did not affect the holding in *Wilson*, supra, for the legislature did not create a right to judgment notwithstanding the verdict in a criminal case." *Bilal*, 192 Ga. App. at 186. OCGA § 17-9-1 permits a defendant to seek a directed verdict of acquittal only during trial. By contrast, the Federal Rules of Criminal Procedure permit a defendant to seek such relief not only after the return of a verdict of guilty (F.R.Cr.P. 29 (b)) but also after mistrial (F.R.Cr.P. 29 (c)). If the Georgia legislature wishes to create the right to seek post-conviction or post-mistrial judgment of acquittal it may, following the lead of federal statutory law, do so. At this time, however, the law of Georgia

provides for neither a motion for judgment of acquittal notwithstanding the verdict nor a motion for judgment of acquittal notwithstanding mistrial.

We are aware of only two opinions in Georgia law in which a Georgia appellate court has reviewed a trial court's denial of a motion for acquittal on the grounds of the insufficiency of the evidence in a case which ended in mistrial. In *King v. State*, 246 Ga. 386 (4) (271 SE2d 630) (1980), the Georgia Supreme Court concluded there was no merit to defendant's argument that his motion for directed verdict of acquittal notwithstanding mistrial was erroneously denied in a previous trial of the charges against him. The Supreme Court did not address the issue of whether such relief exists in Georgia nor the issue of whether it had jurisdiction to consider an error allegedly made in a previous trial of the case. The only other opinion of the Georgia Supreme Court of which we are aware where the defendant appealed the denial of his motion for judgment of acquittal notwithstanding mistrial also did not address the issue of a criminal defendant's right to such a judgment and, in fact, did not rule on the denial of the motion but, instead, affirmed the trial court's ruling on the ground that it did not abuse its discretion in declaring mistrial despite defendant's proffered waiver of a unanimous verdict. *Glass v. State*, 250 Ga. 736 (300 SE2d 812) (1983). In *Phillips v. State*, 133 Ga. App. 461 (211 SE2d 411) (1974), the defendants moved for directed verdict of acquittal during trial and also after mistrial was declared. This court reviewed the merits of defendants' motion for acquittal and reversed the trial court's denial of defendants' motions. In subsequent cases involving the trial court's denial of a motion for judgment of acquittal notwithstanding mistrial, this court either resolved the appeal on some other issue (*Parham v. State*, 137 Ga. App. 498 (224 SE2d 485) (1976)) or dismissed the appeal for the defendant's failure to follow the procedure for interlocutory appeal. *McCuen v. State*, 191 Ga. App. 645 (382 SE2d 422) (1989); *Blackburn v. State*, 169 Ga. App. 498 (314 SE2d 244) (1984); *Phillips v. State*, 153 Ga. App. 410 (265 SE2d 293) (1980). In none of these cases did we address the issue of whether such a motion is valid pursuant to Georgia law. It is clear from a careful reading of these cases that no previous opinion has considered the issue of whether a motion for judgment of acquittal notwithstanding mistrial is authorized by Georgia law. As discussed above, we conclude no such motion may be brought pursuant to Georgia law. Consequently, the trial court should have dismissed rather than denied defendant's motion. On remand, the motion should be dismissed.

*Case No. A93A0999*

2. Having ruled above that defendant was not entitled to judg-

ment of acquittal notwithstanding mistrial and that the entry of nolle prosequi in the first indictment did not result in acquittal, it follows that prosecution of the defendant on the second indictment is not barred on the ground of double jeopardy. "[T]he authorities are clear that where the grant of a mistrial results from the inability of the jury to agree on a verdict which makes the discharge of the jury necessary and the completion of the trial impossible, a second trial for the same offense or for an offense growing out of the same acts is not barred and does not violate the guaranty against double jeopardy. Wade v. Hunter, 336 U. S. 684 (69 SC 834, 93 LE 974) [(1949)]; [cits.]." *Hobbs v. State*, 229 Ga. at 558. See also *Rhodes v. State*, 200 Ga. App. 193 at (6).

The fact that the charge against defendant was dismissed after mistrial does not bar the State from reasserting the same charge and retrying defendant. In *Chatfield v. Ricketts*, 673 F2d 330 (10th Cir. 1982), cert. denied, 459 U. S. 843 (1982), the Tenth Circuit Court of Appeals, in reliance upon several opinions of the United States Supreme Court, held that upon mistrial of a case because of a hung jury, the case reverts back to its pre-trial status. Because a prosecutor may dismiss charges during the pre-trial period and reassert them, the Court ruled the prohibition against double jeopardy does not prohibit a prosecutor from reasserting a charge after mistrial and dismissal. See also *State v. Johnson*, 588 NE2d 224 (Ohio App. 1990). In this case, the dismissal of the murder charge after mistrial does not preclude the prosecutor from recharging and retrying defendant for the offense of murder.

3. We agree, however, that Count 2 of the second indictment, charging defendant with felony murder, and Count 3, charging him with voluntary manslaughter, are procedurally barred pursuant to OCGA § 16-1-7 (b) which prohibits multiple prosecutions for crimes arising out of the same conduct. The record shows Counts 2 and 3 arise out of the same conduct which formed the basis for the murder charge in the original indictment. Defendant cannot be re-indicted for additional crimes after a jury is unable to reach a verdict on the original indictment. *Curry v. State*, 248 Ga. 183 (2) (281 SE2d 604) (1981). "The defendant is not to be penalized, by the addition of new charges, for the state's failure to obtain a conviction upon the first trial." Id. at 184. Upon retrial for the murder charge this rule would not, however, prevent the State from requesting a charge on the lesser included offense of voluntary manslaughter as was requested at the trial on the original indictment.

*Judgment reversed with direction in Case No. A93A0505. Judgment affirmed in part and reversed in part in Case No. A93A0999. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1993 —
RECONSIDERATIONS DENIED JULY 16, 1993 — 

*Donaldson & Bell, George P. Donaldson III, Reginald J. R. Bell, Jr.*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.