A02A1347. TINGER v. THE STATE.
(568 SE2d 832)

ANDREWS, Presiding Judge.

Muhammad Tinger appeals from the judgment entered after a jury convicted him of armed robbery. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that the victim was walking on Lee Street toward the West End train station when Tinger pointed a gun at her and forced her into his car. The victim testified that Tinger stopped the car at Washington Park and tried to force her to have sex with him. She said Tinger also made her put her jewelry into a brown paper bag. As Tinger was putting the bag under the seat, an Atlanta police officer pulled up next to the car. When the officer asked if everything was all right, the victim jumped out of the car and Tinger sped off. Tinger ran a red light as he was fleeing and collided with a van. The officer, who had followed Tinger, said that after the collision, he saw Tinger

grab a gun that was underneath him on the seat. After arresting Tinger, officers searched his car and found a brown bag with the victim's jewelry in it.

Tinger testified in his own defense and said the victim went with him willingly. They drove to Washington Park, and he parked the car and asked her how much she would charge to have sex with him. He said she put her jewelry in the bag because it was not safe in the park at that time of night. Tinger said that when the police officer pulled up and the woman told the officer that Tinger had robbed her, he panicked and drove away. The jury found Tinger guilty of armed robbery, and this appeal followed.

1. In his first enumeration of error Tinger contends that the State failed to prove venue beyond a reasonable doubt. We disagree.

Georgia's Constitution requires that venue in all criminal cases must be laid in the county where the crime is alleged to have been committed. Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901 (537 SE2d 80) (2000). "The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence." Id. at 902-903 (2).

Here, the prosecutor questioned the investigating officer as follows: "Okay. Now, sir, I would like to direct your attention back to September 1 of 1996. During the early morning hours of that day, were you on routine patrol near Washington Park?" The officer answered, "Yes." Prosecutor: "Okay. Now, is that in Fulton County?" Answer: "Yes."

Accordingly, the officer testified that the park was in Fulton County, and the evidence was undisputed that Tinger and the victim were in Washington Park when Tinger took her jewelry. Therefore, the State proved venue beyond a reasonable doubt.

2. Next, Tinger claims the trial court impermissibly lowered the State's burden of proof in its charge to the jury. The complained-of instruction was: "the law requires the State to prove the defendant's guilt of the offense charged to your satisfaction, beyond a reasonable doubt. . . ." Tinger argues that the phrase, "to your satisfaction," could have been interpreted by the jury as allowing them to find him guilty based on a degree of proof below that required by the due process clause.

The State points out that this language simply paraphrases the pattern jury instruction which provides: "This presumption remains with the defendant until it is overcome by the state with evidence which is *sufficient to convince you* beyond a reasonable doubt that the defendant is guilty of the offense charged." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 7.

There was no error. The charge, taken as a whole, repeatedly and

accurately conveys the concept of reasonable doubt. See *Head v. Ferrell*, 274 Ga. 399, 403 (554 SE2d 155) (2001).

3. Tinger also enumerates as error the following jury charge:

> The law does not require the State to prove the defendant's guilt to a mathematical or absolute certainty. A reasonable doubt is not a vague or a conjectural doubt. It is not a fanciful doubt. It is not an imaginary doubt; *neither does it mean a possibility that the defendant may be innocent*, but as the court has stated to you, it is a doubt that is founded upon reason.

Specifically, Tinger contends that the emphasized language was disapproved of in *Coleman v. State*, 271 Ga. 800 (523 SE2d 852) (1999).

Tinger is correct. The Supreme Court has "emphatically" disapproved the use of this charge. *Coleman*, supra at 805 (8). But, the Supreme Court also held in *Coleman* that the court's use of the charge in that case did not require reversal but that "continued use of the disapproved charge in disregard of this opinion may result in the reversal of future convictions." Id.

Here, at the hearing on Tinger's motion for new trial, the trial judge stated that the charge was given before he received the opinion in *Coleman* and, to the best of his knowledge, he had not "charged it since then." Accordingly, under these circumstances, there was no reversible error.

4. In his last enumeration, Tinger argues the trial court erred in its charge to the jury by expressing an opinion as to his guilt. The court charged the jury with the statutory definition of armed robbery and then said: "The State contends this robbery was committed by the use of an offensive weapon, a handgun, and the defendant denies this. That's a question for you to determine." Tinger objects to the term "this robbery," contending that this assumes that he committed the robbery and that the only thing for the jury to decide is whether he was armed when he committed it.

Tinger cites to no case law on point in support of his argument, and we find none. Moreover, as the State points out, this is merely a correct statement of the State's case.

"[T]he charge to the jury must be considered as a whole, and a particular instruction is not to be taken out of context in determining its correctness." *Lee v. State*, 241 Ga. App. 182, 186 (5) (525 SE2d 426) (1999). Taken in context, we do not believe that the charge as a whole would mislead a jury of average intelligence. *Allen v. State*, 242 Ga. App. 367, 368 (533 SE2d 401) (2000).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 16, 2002 ▌▌▌▌▌▌▌▌▌

*Michelle L. Gopman,* for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney,* for appellee.