## A08A0213. BANKS v. THE STATE.

(660 SE2d 873)

PHIPPS, Judge.

Jarvis Banks was charged with having assaulted Allen Keith Mitchell by shooting him with a handgun, with having murdered Vincent Spivey while in the commission of the felony of aggravated assault upon Mitchell, and with having possessed a firearm during the commission of Spivey's felony murder. The jury found Banks guilty of the aggravated assault upon Mitchell and not guilty of the felony murder of Spivey but guilty of possession of a firearm during the commission of the felony murder. Because of the jury's acquittal of Banks on the felony murder charge, the court convicted and sentenced him on only the aggravated assault charge.[1]

Following the denial of his motion for new trial, Banks appeals his conviction. He challenges the sufficiency of the evidence to support the verdict. He also contends that he is entitled to a new trial based on the newly discovered testimony of Victor Henderson. And he charges his trial attorney with ineffective assistance in failing to present Henderson's testimony at trial. In addition, he charges the trial court with error in failing to instruct the jury on the elements of aggravated assault. Finding no merit in any of these claims of error, we affirm.

The state's evidence showed that on January 29, 2006, the aggravated assault victim Mitchell and his friend Vincent Woolfolk went to a gasoline station/convenience store. Once there, Mitchell became involved in a mild altercation with the felony murder victim Spivey, nicknamed Peanut. Mitchell and Woolfolk then left and went to a nearby house. Christopher Early later came to the house with Spivey and upbraided Mitchell for fighting with Spivey because Mitchell was much older than him. Early and Spivey then left the house.

Later that night, Mitchell and Woolfolk returned to the store. Early and Spivey, along with the defendant Banks, were there. Mitchell and Woolfolk testified that they were confronted by Early and Banks because of Mitchell's earlier altercation with Spivey. It is undisputed that Woolfolk and Banks argued; that Woolfolk and

---

[1] On the sentencing sheet, the court characterized its action as the direction of a verdict of not guilty on the firearm possession charge. Because there is no provision in Georgia law authorizing a trial court to entertain a motion for judgment of not guilty notwithstanding a verdict of guilty in a criminal case, *Moody v. State*, 272 Ga. 55, 56, n. 2 (525 SE2d 360) (2000), the court's action was procedurally unauthorized. The correct procedure would have been the grant of a motion in arrest of judgment, as in *State v. Robinson*, 275 Ga. App. 117 (619 SE2d 806) (2005). But in view of Georgia's abolition of the inconsistent verdict rule, the court's grant of such a motion based on Banks' acquittal on the felony murder charge would be error. See id. The state, however, does not complain of the trial court's action. Compare id.

Mitchell then left the store and walked down the road; that Woolfolk got into his car and left the scene; that Early followed Mitchell down the road; that Banks and Spivey remained in the store's parking lot; and that in short order gunfire erupted, wounding Mitchell and killing Spivey.

Mitchell testified that he had fired one shot at Early because he thought that Early had fired at him; but after shooting at Early, Mitchell realized that Banks had fired the shot at him from the store's parking lot and had hit him in the foot. Mitchell further testified that his gun thereupon jammed; that he then fled down the road; and that, while doing so, more gunshots came in his direction. Three bystanders to the incident appeared as state's witnesses. Two of them corroborated Mitchell's testimony that he fired only one shot at Early. These two further testified that they saw both Banks and Early shooting in Mitchell's direction. The other bystander testified that Banks admitted to him that he had possessed a gun at the time of the incident but that Banks denied shooting Spivey, who was his cousin.

In support of his motion for new trial, Banks submitted an affidavit executed by Henderson, another bystander to the incident. According to Henderson, Mitchell, Early, and Spivey, but not Banks, were in possession of guns during the incident.

1. Banks challenges the sufficiency of the evidence as based on the conflicting testimony of unreliable state's witnesses.

Specifically, Banks points out that Mitchell gave three statements to police, the first two of which conflicted with his trial testimony. (The evidence at trial showed that after learning that he would be charged with Spivey's murder, Mitchell gave his third statement, admitting that he had a gun at the time of the incident and had fired it, but only once at Early and not in Spivey's direction.) Banks also points out that Mitchell's testimony conflicted with that of other state's witnesses as to whether Early or Mitchell fired the first shot; that gunshot residue tests performed on himself, as well as Early and Mitchell, were inconclusive; and that the bystanders who appeared as state's witnesses at trial each testified that he was standing at a different location during the incident. Moreover, although shell casings from at least three different types of guns were recovered from the scene, no specific weapon was traced to any of the participants.

On appeal, however, we view the evidence in a light most favorable to support the verdict and thus do not weigh the evidence or determine witness credibility.[2] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to

[2] E.g., *Metoyer v. State*, 282 Ga. App. 810 (640 SE2d 345) (2006).

[prove] the State's case, the jury's verdict will be upheld."[3] Here the evidence, viewed most favorably to support the verdict, was adequate to support a finding that Banks was in a position to and did commit an aggravated assault upon Mitchell by shooting him.

2. Banks has not preserved for appellate review the issue of whether his attorney was ineffective in failing to present Henderson's testimony at trial, because he did not move for a new trial on that ground and thus did not invoke a ruling from the trial court on the issue.[4] Moreover, because defense counsel has not been called upon to explain his actions, they are presumed strategic.[5] Therefore, Banks has also failed to carry his burden of showing that counsel performed deficiently in failing to present Henderson as a defense witness at trial.[6]

3. The trial court did not abuse its discretion in denying Banks' motion for new trial on the ground of newly discovered evidence.

> It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.[7]

Henderson was identified in the investigating officer's incident report as a bystander to the shootings. And his name, though not his address or telephone number, appeared on the state's list of witnesses. It thus affirmatively appears that the existence of this witness was known to the defense prior to trial. Without testimony from defense counsel, we cannot determine whether Henderson's version of events was known to the defense before trial and, if it was not, whether counsel's failure to acquire such knowledge was owing to the want of due diligence. Moreover, Henderson's claim that Banks had no gun was contradicted by three other witnesses in addition to

---

[3] *Ayoluwa v. State*, 271 Ga. App. 424, 425 (1) (609 SE2d 749) (2005) (citation and punctuation omitted).

[4] See *Capps v. State*, 273 Ga. App. 696, 698 (2) (615 SE2d 821) (2005); compare *Abney v. State*, 240 Ga. App. 280, 283 (3) (523 SE2d 362) (1999).

[5] E.g., *Patel v. State*, 279 Ga. 750, 754 (620 SE2d 343) (2005).

[6] See generally *Lowery v. State*, 260 Ga. App. 260, 261 (1) (581 SE2d 593) (2003).

[7] *Fetter v. State*, 271 Ga. App. 652, 653 (610 SE2d 615) (2005) (citations omitted).

the victim of the aggravated assault. It thus does not appear that it was so material that it would probably produce a different verdict.

4. The record does not support Banks' claim that the trial court failed to instruct the jury on the elements of aggravated assault.

During the jury instruction on felony murder, the court provided the jury with a legal definition of aggravated assault because it was the offense underlying the felony murder charge. Immediately thereafter, the court instructed the jury relative to the aggravated assault charge. It did not repeat the legal definition of aggravated assault because it had given the jury that information moments before. We find no error.[8]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 9, 2008.

*Amy R. Stone, Richard A. Waller, Jr.,* for appellant.
*Howard Z. Simms, District Attorney, Myra Y. Hutchinson, Assistant District Attorney,* for appellee.

---

[8] See *Tinger v. State,* 256 Ga. App. 574, 576 (4) (568 SE2d 832) (2002) (charge to jury must be considered as a whole).