## A08A1924. THE STATE v. CANUP.
(686 SE2d 275)

BERNES, Judge.

Following a jury trial, Steven Canup was convicted of failure to register as a sexual offender in violation of OCGA § 42-1-12 (f) (5). Because it was Canup's second conviction for failure to register, he received a mandatory life sentence under OCGA § 42-1-12 (n) (3). Canup filed a motion for new trial, requesting that the trial court grant his motion for directed verdict that had been presented during trial and challenging the sufficiency and weight of the evidence. In ruling upon the motion for new trial, the trial court granted the motion for directed verdict and further ruled that the mandatory sentencing provision of OCGA § 42-1-12 (n) (3) was unconstitutional. The state appeals,[1] contending that the trial court erred in granting the motion for directed verdict after the judgment of conviction had already been entered, erred in finding that no rational trier of fact could reach a verdict of guilty, and erred in ruling that the sentencing statute was unconstitutional. Because the trial court erred in granting the motion for directed verdict after the judgment of conviction had been entered, we must reverse and remand this case for the trial court's consideration of the remaining issues raised in Canup's motion for new trial. In light of our remand of this case, any issue regarding the constitutionality of the sentencing statute is premature and need not be reached in the instant appeal.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Bryson v. State*, 282 Ga. App. 36, 37 (1) (a) (638

---

[1] Because the trial court's order granting the motion for directed verdict was legally void the state is authorized to pursue this direct appeal. See OCGA § 5-7-1 (a) (5), (7) (the state may appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state").

SE2d 181) (2006). So viewed, the evidence at trial showed that in June 2005, Canup entered a guilty plea to the crime of attempted child molestation and was sentenced to ten years probation by the Jackson County Superior Court. Following his conviction, Canup registered as a sexual offender as required by OCGA § 42-1-12. Thereafter, Canup's probation investigator was unable to locate Canup at the Jackson County address that he had provided in his registration. As a result, a warrant for Canup's arrest was issued. Canup was later found and arrested in Franklin County. After his arrest, Canup was informed of the address registration require-ments, including the requirement to notify local authorities within 72 hours of a change of residence pursuant to OCGA § 42-1-12 (f) (5).

Canup then resided with his father in Franklin County, and he registered his father's residence as his address in compliance with the registration requirements. When Canup's probation was trans-ferred to Franklin County in July 2006, Canup's new probation officer confirmed that Canup had been informed of the sexual offender registration requirements and discussed the requirements with Canup at the initial intake meeting.

Thereafter, in August 2006, Canup failed to appear for a sched-uled appointment with his probation officer and an investigator was sent to his father's residence in an attempt to locate him. The investigator spoke with Canup's father, who informed him that Canup no longer lived at the residence and had been gone for approximately two weeks. Canup's father provided the investigator with an address in Jackson County where Canup had been residing with his mother.

Canup did not contact his probation officer regarding the missed appointment and did not notify the authorities of his change of address. A warrant for Canup's arrest was issued and Canup was subsequently arrested without incident in Jackson County as he was walking down a road near his mother's residence.

Following his arrest, Canup was charged with violating the sexual offender registration requirements by failing to notify local authorities of his change of address. At trial, Canup and his father testified and denied that Canup had moved into his mother's residence. They both claimed that Canup had only lived with his mother temporarily for a period of two or three weeks while his father traveled out of state, and that Canup had planned to return to his father's residence. Canup moved for a directed verdict at the close of the state's case. The trial court took the motion under advisement, but never ruled upon it during the course of the trial.

The jury returned a verdict finding Canup guilty of the regis-tration offense as charged. The trial court entered judgment on the

verdict and imposed a mandatory life sentence for Canup's second offense under the statute. Canup filed a motion for new trial. In ruling upon the motion, the trial court granted the motion for directed verdict that had been presented but never ruled upon at trial and determined that the mandatory sentencing provision was unconstitutional.

1. The state contends that the trial court erred in ruling upon the motion for directed verdict of acquittal after the conviction had been entered. We agree and reverse the trial court's decision on this basis.

"Because there is no provision in Georgia law authorizing a trial court to entertain a motion for judgment of not guilty notwithstanding a verdict of guilty in a criminal case, the court's action was procedurally unauthorized." (Citations and punctuation omitted.) *Banks v. State*, 290 Ga. App. 887, n. 1 (660 SE2d 873) (2008). See also *Rhyne v. State*, 209 Ga. App. 548, 550-551 (1) (434 SE2d 76) (1993) (ruling that Georgia law does not provide for a motion for judgment of acquittal notwithstanding the verdict); *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989) (same). Although OCGA § 17-9-1 provides for a directed verdict of acquittal *during trial*, "that statute does not apply *after the entry* of a verdict." (Emphasis supplied.) *Moody v. State*, 272 Ga. 55, 56 (1), n. 2 (525 SE2d 360) (2000). After the trial court's entry of judgment on the verdict, the trial has ended. See OCGA § 16-1-3 (4); *Dorsey v. State*, 259 Ga. App. 254, 256 (576 SE2d 637) (2003). At that juncture, the defendant's challenge of the conviction must be pursued through post-conviction remedies, such as a motion in arrest of judgment or motion for new trial. See *Banks*, 290 Ga. App. at 887, n. 1; *Bilal*, 192 Ga. App. at 186. See, e.g., *State v. Sumlin*, 281 Ga. 183, 184 (1) (637 SE2d 36) (2006).

Relying upon this Court's decisions in *State v. Seignious*, 197 Ga. App. 766 (399 SE2d 559) (1990) and *Ballentine v. State*, 194 Ga. App. 560, 562 (4) (390 SE2d 887) (1990), Canup nevertheless argues that a trial court may reserve ruling on a motion for directed verdict and render a decision after the jury returns a verdict and is dispersed. In both *Seignious* and *Ballentine*, the trial court's ruling upon the motion for directed verdict was entered after the jury returned a verdict, but *before* the imposition of sentencing and entry of judgment on the verdict. See *Seignious*, 197 Ga. App. at 766; *Ballentine*, 194 Ga. App. at 562 (4). In contrast, the trial court's reservation of a ruling upon the motion for directed verdict in the instant case not only extended past the jury's return of a verdict, but significantly, was entered after the trial court imposed sentencing and entered its judgment of conviction. As such, the procedural posture presented in *Seignious* and *Ballentine* was clearly distinguishable from that presented here, rendering those decisions inapposite. Rather, the

timing and nature of the trial court's ruling on the motion for directed verdict in his case is more synonymous with the rulings in *Sumlin*, *Moody*, *Banks*, *Rhyne*, and *Bilal*. The trial court's decision on the motion for directed verdict of acquittal, therefore, came too late and was procedurally barred. See *Sumlin*, 281 Ga. at 184 (1); *Moody*, 272 Ga. at 56 (1), n. 2; *Banks*, 290 Ga. App. at 887, n. 1; *Rhyne*, 209 Ga. App. at 550-551 (1); *Bilal*, 192 Ga. App. at 185-186.

In light of our conclusion that the trial court's decision granting the motion for directed verdict was void, we must remand this case for the trial court's consideration of the remaining issues raised in Canup's motion for new trial. See *State v. Jones*, 284 Ga. 302, 303-304 (2) (667 SE2d 76) (2008).

2. The state also contends that the trial court erred in finding that no rational trier of fact could reach a verdict of guilty based upon the trial evidence presented. The trial court concluded that the state failed to present any competent evidence showing that Canup had in fact changed his residence as necessary to establish the violation. The trial court's conclusion was erroneous.[2]

The state's evidence included testimony from the investigator who had been sent to locate Canup at his father's residence. The investigator testified that at the time of his inquiry, Canup's father informed him that Canup no longer lived at the residence and provided a new address in Jackson County where Canup had been residing with his mother for over two weeks. Canup's father also testified as a witness at trial. Although he admitted that he had spoken to the investigator, he denied having told the investigator that Canup had moved from his residence.

In its assessment of the evidence, the trial court erroneously determined that the investigator's testimony amounted to inadmissible hearsay that lacked probative value and could not be considered. To the contrary, the father's declaration to the investigator was admissible as a prior inconsistent statement. "A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence." (Citation and punctuation omitted.) *Gordon v. State*, 273 Ga. 373, 376 (2) (b) (541 SE2d 376) (2001). See also *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). "[E]ven though a witness may recant on the stand, [his] prior inconsistent statements constitute substantive evidence on which the factfinder may rely." (Citation and punctuation omitted.) *Meeks v. State*, 281 Ga. App. 334, 336 (636 SE2d 77)

---

[2] Following remand, the trial court will be required to reconsider Canup's motion for new trial, including his challenges to the evidence. We therefore address the trial court's evidentiary ruling to the extent that it presents an issue likely to reoccur upon remand.

(2006). The testimony of the investigator as to the prior statement of Canup's father therefore was admissible as substantive evidence of Canup's guilt.[3] See id.; *Gordon*, 273 Ga. at 376 (2) (b); *Gibbons*, 248 Ga. at 862-863.

Likewise, notwithstanding Canup's contention that he was only staying at his mother's residence temporarily and had not intended to remain there permanently, the jury was authorized to discredit his testimony and find otherwise.

> The intention with which an act is done is peculiarly for the finder of fact. It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which he is being prosecuted. Thus, intent is often proved through the use of circumstantial evidence.

(Citation and punctuation omitted.) *Moran v. State*, 293 Ga. App. 279, 283 (2) (b) (666 SE2d 726) (2008). In addition to the prior inconsistent statement of Canup's father informing the investigator that Canup had moved to another residence, the evidence showed that Canup had been living at his mother's residence for over two weeks, had not returned to his father's residence by the time he was arrested, had failed to report for the scheduled meeting with his probation officer, and had not contacted his probation officer to explain his failure to report for the meeting or to provide any information as to his current residential status. And, the evidence of Canup's prior failure to notify local authorities of his change of address further tended to show that Canup had previously been informed of the address registration requirements and had nevertheless followed a course of conduct, bent of mind, and intent to violate the requirements again on the instant occasion. See, e.g., *Ford v. State*, 281 Ga. App. 114, 115 (1) (635 SE2d 391) (2006). The circumstances presented by this evidence would authorize a rational trier of fact to find that Canup had intended to change his residence without notifying the local authorities as required, and the trial court's evidentiary ruling was erroneous.

3. The state further contends that the trial court erred in declaring that the mandatory sentencing provision of OCGA § 42-1-12 (n) (3) was unconstitutional. In light of our remand of this

---

[3] We likewise find no merit in Canup's argument that the state's evidence failed to exclude every reasonable hypothesis save that of his guilt. "[T]he 'reasonable hypothesis' rule relied upon by [Canup], codified in OCGA § 24-4-6, applies only when the evidence against the accused was *entirely* circumstantial." (Citation and punctuation omitted; emphasis in original.) *Meeks*, 281 Ga. App. at 337. Here, Canup's father's prior statement to the investigator provided direct evidence that Canup had moved and supported the charge that Canup had changed his residence without notifying the local authorities.

case for the trial court's consideration of the remaining issues raised in Canup's motion for new trial, any issue regarding the constitutionality of this sentencing provision is premature. See *Jones*, 284 Ga. at 304 (3). Accordingly, we decline to reach that issue.[4]

*Judgment reversed in part and case remanded with instruction. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 16, 2009 —
RECONSIDERATION DENIED NOVEMBER 2, 2009.

*Robert W. Lavender, District Attorney, Adam C. Schroeder, Assistant District Attorney*, for appellant.

*Warren C. Caswell*, for appellee.

---

[4] We nevertheless direct the parties to the Supreme Court of Georgia's decision in *Bradshaw v. State*, 284 Ga. 675, 676-683 (2)-(4) (671 SE2d 485) (2008), which was decided during the pendency of this appeal.

