## A11A0997. COLOTL v. THE STATE.
### (720 SE2d 210)

DOYLE, Judge.

Following a jury trial, Jessica Colotl appeals from her conviction for driving without a valid driver's license.[1] Colotl relies on statutory language providing that a person "shall not be guilty" of the offense if the person "produces in court a valid driver's license,"[2] and she argues that the trial court erred by not dismissing the case because she produced an instruction permit ("learner's permit") to the court. Because Colotl's permit was obtained after she drove without a valid license, we affirm.

Construed in favor of the verdict,[3] the evidence shows that Colotl was observed by a law enforcement officer driving in a parking lot and searching for a parking space. While the officer watched, Colotl

---

[1] OCGA § 40-5-20 (a).

[2] Id.

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

paused to wait for a parking space to open; upon noticing the officer, she circled around the lot and paused again to wait for the parking space to open. After the second pause, the officer executed a traffic stop based on his belief that she was impeding the flow of traffic,[4] and he requested Colotl's driver's license and proof of insurance. Colotl could not produce a driver's license but stated that she had a valid Mexican driver's license. The officer gave her 24 hours to appear at the police station and produce her Mexican license. Colotl appeared at the police station the next morning, but she explained that she could not find her license. At that time, an officer arrested Colotl and cited her for driving without a license and impeding the flow of traffic.

Prior to trial, Colotl proffered evidence that she had obtained a Class C[5] Georgia learner's permit six days before trial,[6] and she moved to dismiss the driver's license charge. The trial court denied the motion on procedural grounds. At trial, Colotl testified that she did not have a valid Georgia driver's license at the time of the arrest, but that she had since obtained the learner's permit proffered by her attorney. After the close of the evidence and the charge of the court, the jury rendered a guilty verdict only on the driving without a license charge. Colotl moved for judgment notwithstanding the verdict,[7] and the motion was denied, giving rise to this appeal.

On appeal, Colotl argues that the trial court erred by denying her motion for judgment notwithstanding the verdict. As before the trial court, she relies on OCGA § 40-5-20 (a), which provides as follows, in relevant part:

> No person, except those expressly exempted in this chapter,[8] shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under this chapter for the type or class of vehicle being driven. . . . Any violation of this subsection shall be pun-

---

[4] The officer's authority to execute the stop was not challenged at trial or on appeal.

[5] Class C vehicles are typical passenger vehicles, i.e., those with a gross vehicle weight not in excess of 26,000 pounds. See OCGA § 40-5-23 (c).

[6] There was no other licensed driver in the vehicle at the time Colotl was stopped by the officer. Also, her pre-trial motion made it clear that she had obtained the license after her arrest.

[7] In light of our holding herein, we need not address the State's argument that Colotl was procedurally barred from making a post-verdict motion for judgment notwithstanding the guilty verdict in lieu of a timely motion for a directed verdict. See, e.g., *State v. Canup*, 300 Ga. App. 678, 680 (1) (686 SE2d 275) (2009) ("Because there is no provision in Georgia law authorizing a trial court to entertain a motion for judgment of not guilty notwithstanding a verdict of guilty in a criminal case, the court's action [granting such relief] was procedurally unauthorized.").

[8] Colotl does not argue that she is exempted.

ished as provided in Code Section 40-5-121, *except ... if such person produces in court a valid driver's license issued by this state to such person, he or she shall not be guilty of such offenses....*[9]

Thus, the emphasized language operates as a safe harbor for defendants who are cited for driving without a license, but who later produce a valid license in court.[10]

Based on this safe-harbor provision, Colotl argues that the trial court should not have convicted her because she presented evidence that she had obtained a valid learner's permit issued by the State of Georgia.[11] Colotl argued at trial and on appeal that her learner's permit should be considered a "valid driver's license" for the purposes of the safe-harbor language in OCGA § 40-5-20 (a), even if she did not have anyone in the car with her as required by her permit. Nevertheless, pretermitting the merits of this argument, it is misplaced here, because the evidence is undisputed that she obtained the permit *after* the citation was issued. Therefore, it was not "valid" at the time she was driving.

This conclusion is based on a plain reading of OCGA § 40-5-20 (a) and application of the rules of statutory construction.

> Specifically, we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature. Furthermore, this Court may construe statutes to avoid absurd results.[12]

The statute's language is clear in its proscription that "[n]o person ... shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license ... for the type or class of

---

[9] (Emphasis supplied.)

[10] See, e.g., *Rocha v. State*, 250 Ga. App. 209, 210 (551 SE2d 82) (2001) (the "presumption may be defeated, however, if the defendant produces at trial their driver's license and demonstrates that it was valid at the time of the [incident]").

[11] On Colotl's pretrial motion to dismiss, the trial court appeared to rule that whether Colotl had a valid license was a question of fact for the jury. We hold that the applicability of the safe-harbor provision of OCGA § 40-5-20 presents a question of law for the court. Nevertheless, to the extent that the trial court erred, such error was harmless because Colotl could not meet her burden under the analysis of this opinion.

[12] (Citation and punctuation omitted.) *State v. Mussman*, 289 Ga. 586, 588-589 (1) (713 SE2d 822) (2011).

vehicle being driven."[13] Consistent with this, we view the safe-harbor provision to require a defendant to produce a driver's license that was valid at the time the vehicle was being driven. This avoids a construction conflicting with the statute's clear purpose of protecting public safety by ensuring that people who drive have met minimum qualifications.[14] To permit driving before the operator meets these qualifications would frustrate this purpose and lead to the absurd result that unlicensed drivers would not be guilty of driving without a license when there is no dispute that they drove without being licensed. Therefore, in light of the principles of statutory construction, we decline to adopt Colotl's interpretation that a later-obtained license satisfies the safe-harbor provision in OCGA § 40-5-20 (a). Nothing in the statutory language indicates that a subsequently obtained license operates retroactively when presented to the trial court, and Colotl has cited no case law supporting such a proposition.

Furthermore, our holding is consistent with existing statutory and case law stating that OCGA § 40-5-29 (b) creates a legal presumption that a person lacks a valid license if she fails to produce a valid license to an officer requesting it at the time she is driving.[15] Accordingly, this Court has stated that such a person accused of violating OCGA § 40-5-20 (a) bears "the burden of establishing that she did, in fact, have a valid driver's license *at that time*."[16] Because Colotl did not produce a license valid at the time she was driving, the safe-harbor provision of OCGA § 40-5-20 (a) did not apply, and the trial court did not err by entering a judgment of conviction on the jury's guilty verdict.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 9, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011

*Hernan, Taylor & Lee, Jerome Lee*, for appellant.

---

[13] OCGA § 40-5-20 (a).

[14] See, e.g., OCGA § 40-5-23 (authorizing rules establishing "training, experience, or educational prerequisites") and § 40-5-24 (outlining learner's permit requirements).

[15] See OCGA § 40-5-29 (b) ("A refusal to comply with [an officer's demand to display a driver's license] . . . shall . . . give rise to a presumption of a violation of subsection (a) of this Code section and of Code Section 40-5-20."). See *Rocha*, 250 Ga. App. at 211. See also *Wickham v. State*, 273 Ga. 563, 566 (544 SE2d 439) (2001) ("the various provisions of the [statute] should be viewed in harmony and in a manner which will not produce an unreasonable or absurd result.").

[16] (Emphasis supplied.) *Rocha*, 250 Ga. App. at 211.

*Barry E. Morgan, Solicitor-General, Rachel H. Bearman, Assistant Solicitor-General*, for appellee.