**SECOND DIVISION
BARNES, P. J.,
MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**February 5, 2013**

# In the Court of Appeals of Georgia

A12A2364. LOMAX v. THE STATE.

BARNES, Presiding Judge.

A Jackson County jury found Billy Ray Lomax, Jr. guilty of aggravated assault, terroristic threats, and possession of a gun during the commission of a felony, and he was sentenced to 25 years with 10 to serve in prison. Following the denial of his motion for new trial, Lomax appeals, contending that the evidence was insufficient to sustain his convictions. Following our review, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99

SC 2781, 61 LE2d 560) (1979). It is the duty of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

So viewed, the evidence demonstrates that the victim was in his backyard when he heard a car horn. A man and a woman were sitting in a black Lincoln Navigator in front of his house. The victim approached the vehicle, and the man introduced himself as Lomax and asked the victim if he knew the woman. The victim replied that he did not, although he and the woman, Lomax's wife, had a sexual encounter after meeting at a bar several months earlier. Lomax, who was holding a gun, got out of the vehicle and "trie[d] to swing" at the victim. As the victim ran for his front door, he heard a gunshot and saw blood running down his side. Lomax continued to confront the victim near the front door, and when the victim told him, "You shot me," Lomax responded, "I don't care. I'll kill you."

A neighbor testified that he saw a black SUV drive up and down the street "going slow like it was looking for something. A short time later, the witness heard

2

a gunshot and a woman scream, "Billy, you shot him." After several neighbors began to gather in response to the gunshot and other commotion, Lomax got into his car and drove away.

One of the responding police officers testified that there was blood on the victim's porch and in his yard, but that they could not recover any shell casings. He surmised that the projectile "passed from front to back or back to front through [the victim's] arm and went clean through."

The day after the incident, the victim identified Lomax from a photo array as the man who shot him. He also positively identified him at the trial.

Lomax contends on appeal that the evidence was insufficient to sustain his convictions for aggravated assault and terroristic threats. He maintains that the alternative theory raised at the trial– that the victim shot himself– was also supported by the evidence, and that the victim had a motive to lie because of his "adulterous conduct." Lomax asserts that because of these factors, the case was equivalent to a circumstantial evidence case. We do not agree.

1. Regarding the aggravated assault, the testimony of the victim, standing alone, was sufficient to sustain the conviction. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Obeginski v. State*, 313

Ga. App. 567, 569 (1) (722 SE2d 162) (2012). It was the role of the jury, not this Court, "to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Farris v. State*, 290 Ga. 323, 324 (1) (720 SE2d 604) (2012). The victim testified that Lomax had a gun when he got out of the car, that when he turned and ran he heard a gunshot and discovered that he had been shot, and that when he told Lomax that he had shot him, Lomax responded that he did not care. The victim also identified Lomax from a photo array as the man who shot him. A witness's testimony that she heard a woman scream out "Billy, you shot him" also corroborated the victim's account of the incident.

Although Lomax contends that the circumstantial evidence presented was insufficient to support the jury's verdict, the law regarding the sufficiency of circumstantial evidence does not apply to this case because his conviction was supported by both direct and circumstantial evidence. See OCGA § 24-4-6 [1]; *State v. Canup*, 300 Ga. App. 678, 682 (2), n. 3 (686 SE2d 275) (2009) (The "reasonable hypothesis" rule codified in OCGA § 24-4-6 "applies only when the evidence against

---

[1] "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

4

the accused was *entirely* circumstantial.") (citation and punctuation omitted; emphasis in original).

2. Pursuant to OCGA § 16-11-37, a person makes a terroristic threat "when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another . . . ." OCGA § 16-11-37 (a); *Nassau v. State*, 311 Ga. App. 438, 441 (715 SE2d 837) (2011). The determination of whether a defendant has made a terroristic threat "focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize." (Footnote and punctuation omitted.) Id. However, "[n]o person shall be convicted . . . on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). Lomax argues that there was no evidence of a threat, and that there was no corroboration of the victim's account of the incident.

In this case, evidence of injury to the victim's arm that appeared to be a gunshot, blood on his front porch, and witness testimony that he heard a gunshot and a woman say "Billy, you shot him" was sufficient collaboration of Lomax's threat to kill the victim. See *Nelson v. State*, 277 Ga. App. 92, 97 (1) (c) (625 SE2d 465) (2005) (evidence that victim had been injured in the eye during the incident and witnesses' testimony as to her frightened state was sufficient corroborative evidence

5

of terroristic threat). "[T]he question of corroboration is one solely for the jury."*Martin v. State*, 219 Ga. App. 277, 283 (10) (464 SE2d 872) (1995).

In this case, any rational trier of fact could have found Lomax guilty of the crimes of aggravated assault and terroristic threats beyond a reasonable doubt.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*